**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert E. BENCHOFF, Appellant.**

Superior Court of Pennsylvania.

Argued March 5, 1997.

Filed Aug. 19, 1997.

Reargument Denied Oct. 29, 1997.

---

Frederick J. Fanelli, Pottsville, for appellant.

Todd R. Williams, Jr., Asst. District Attorney, Chambersburg, for Commonwealth, appellee.

Before CIRILLO, President Judge Emeritus, and POPOVICH and HESTER, JJ.

POPOVICH, Judge.

This is an appeal from the judgments of sentence of the Court of Common Pleas of Franklin County. Appellant was sentenced for two counts of interference with the custody of children. In a separate criminal action, appellant was sentenced for criminal trespass, simple assault and burglary. We affirm the judgment of sentence for the interference with custody convictions. However, we vacate the judgment of sentence for the criminal trespass, simple assault and burglary convictions, and we remand for an evidentiary hearing.

The record reveals the following pertinent factual and procedural history: During the evening of December 25, 1994, appellant went to the home of his wife, Robin Benchoff, and two children, Brian and Brooke. At that time, a Protection from Abuse order was in effect which prohibited appellant from having any contact with his wife or children. The order was entered following an incident which occurred on October 4, 1994. At that time, appellant kidnapped the children from their schools, and he threatened to kill himself and the children. As a result of that incident, appellant was charged with two counts of interference with the custody of children.[1]

After appellant arrived at Mrs. Benchoff's house, he forced his way into the house and tackled Mrs. Benchoff. N.T., 8/14/95, p. 19. Appellant shocked Mrs. Benchoff with a stun gun, and he threatened to kill her. N.T., 8/14/95, p. 21. Mrs. Benchoff sustained a laceration to her head. Brian entered the room and saw appellant threaten Mrs. Benchoff with a knife. N.T., 8/14/95, p. 22. N.T., 8/14/95, p. 23. Mrs. Benchoff attempted to call the police at two different times, but appellant prevented her from using the

---

1. The trial court docketed the interference with custody charges as No. 872–1994.

phone.[2] Brian left the house to seek help, but appellant followed him and forced him to return to the house.

Mrs. Benchoff's mother, Marie Hilton, lived on the same street as Mrs. Benchoff. At some point during the altercation, Mrs. Benchoff and Brian escaped and ran to Marie Hilton's house. N.T., 8/14/95, p. 25. Appellant forced his way into the Hilton's house. Appellant shot Mrs. Benchoff's sister, Donna Hilton, with the stun gun. N.T., 8/14/95, p. 68. After making numerous threats to Mrs. Benchoff and her family, appellant returned to Mrs. Benchoff's house. Appellant carried Brooke out of the house. At that point, the police arrested appellant.

Appellant was charged with criminal trespass, burglary, attempted aggravated assault, aggravated assault and two counts of simple assault.[3] On August 14, 1995, a jury trial was held before the Honorable John R. Walker. During the trial, the Commonwealth presented evidence that after the December, 1994, incident, Mrs. Benchoff discovered a shotgun in Brooke's bedroom. Mrs. Benchoff testified that she believed appellant had "planted" the shotgun in the house. N.T., 8/14/95, p. 33. Appellant admitted that he violated the protection order and that he "zapped" Mrs. Benchoff with the stun gun and tackled her. N.T., 8/14/95, pp. 157, 183. Brian Benchoff testified that appellant had physically abused him on six or seven occasions. N.T., 8/14/95, p. 61.

The jury found appellant guilty of burglary, criminal trespass and one count of simple assault.[4] At the time of the jury trial, appellant also pleaded guilty to the interference with custody charges. Following appellant's convictions, a local newspaper, *Public Opinion*, published an article about the Benchoffs and the series of abusive events which preceded appellant's trial. The article discussed the crimes with which appellant was charged as well as the resulting convictions and acquittals. The article stated that many people believe there is a bias against abused women in domestic cases. In response to a legal scholar's claim that the courts favor abusive men, Judge Walker was quoted as stating: "That doesn't even dignify a comment from me. That's garbage. Everybody comes into court and we judge them on credibility." Love/Hate, *Public Opinion*, August 26, 1995, at 6A.

The sentencing hearing was held on December 13, 1995. Appellant was sentenced by Judge Walker to an aggregate prison term of six to thirty-four years and nine years of probation. The sentence included two consecutive terms of imprisonment of one to six years for each of the interference with custody charges. Judge Walker also sentenced appellant to four to twenty years on the burglary charge. Judge Walker made the burglary sentence consecutive to the interference with custody sentences. In addition, appellant was sentenced to seven years probation for the criminal trespass conviction and two years probation for the simple assault conviction.

On December 22, 1995, appellant filed post-sentence motions. Appellant claimed that (1) the sentence was unlawful; (2) the lower court committed reversible error; (3) Judge Walker erred in failing to recuse itself; and (4) trial counsel was ineffective. The motion contained a discussion of each of the alleged errors. In his discussion of his counsel's ineffectiveness, appellant listed several individuals whom he claimed his counsel failed to call to testify as well as several potential witnesses whom he claimed his counsel failed to interview. Appellant also provided a brief description of the potential witnesses' testimony. After offering support for his other allegations of ineffectiveness, appellant requested an evidentiary hearing

---

**2.** Mrs. Benchoff ran to another room and tried to call the police, but appellant ripped the phone off the wall. Subsequently, Mrs. Benchoff tried to use a cordless phone in the bedroom, but appellant grabbed the phone and removed the batteries. N.T., 8/14/95, pp. 22, 160.

**3.** The trial court docketed the criminal trespass, attempted aggravated assault, aggravated assault, simple assault and burglary charges at No. 150–1995. Appellant was charged with simple assault of Mrs. Benchoff and Donna Hilton.

**4.** The jury found appellant guilty of simple assault of Mrs. Benchoff. The jury found appellant not guilty of simple assault of Donna Hilton.

on the ineffectiveness claims. In addition, appellant requested leave of court to supplement his post-sentence motion after he received a copy of the trial and sentencing transcripts.

On December 28, 1995, Judge Walker entered an order which granted appellant leave of court to supplement his post-sentence motion within fifteen days of receipt of the transcripts. In his order, Judge Walker stated "at that time counsel may petition for a hearing."

Appellant received the transcripts on March 2, 1996. On March 18, 1996, appellant filed a supplemental post-sentence motion in which he expanded on his claims of ineffectiveness of counsel. In the supplemental motion, appellant again requested an evidentiary hearing on the ineffectiveness claims.

On April 24, 1996, Judge Walker denied appellant's post-sentence motions in a one-sentence order. Prior to entering the order, Judge Walker did not hold a hearing on the motions.

On May 1, 1996, appellant filed a notice of appeal to this court. In response to Judge Walker's request, appellant filed a Rule 1925(b) statement. In his Rule 1925(b) statement, appellant outlined each of his allegations of error, and he incorporated his post-sentence motions. After receiving appellant's Rule 1925(b) statement, Judge Walker submitted a *letter* to this Court which was dated June 24, 1996. However, the trial court did not file an opinion in this matter.

■ Rule 1925(a) of Pennsylvania Rules of Appellate Procedure states:

Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P.1925(a). The rule "enables us to conduct effective and meaningful review of lower court decisions." *Commonwealth v. Thomas,* 449 Pa.Super. 646, 674 A.2d 1119, 1120 (1996).

■ We find that Judge Walker has failed to follow the requirements of Rule 1925(a). In the two-page letter which he submitted to this Court, Judge Walker states that he is "in an utter state of confusion. To put it mildly, this statement would seem to be a shotgun approach where appellant claims that the trial court and trial counsel committed numerous trial errors." While the letter does provide some brief responses to a few of appellant's allegations, it does so in a conclusory fashion without a single citation to the record or case law. In addressing other issues, Judge Walker clearly mischaracterizes appellant's arguments. For example, the letter read:

Appellant also claims that there was a failure to call character witnesses but does not list the witnesses and what they would have testified to. Appellant also alleges failure to interview and call witnesses but does not identify these witnesses or what they would have said.

Letter from Honorable John R. Walker to the Superior Court of Pennsylvania, 6/24/96. To the contrary, appellant's post-sentence motions contain a list of seven individuals whom he believed could serve as character witnesses as well as a list of eight witnesses whom his trial counsel failed to interview. Furthermore, appellant summarized, albeit briefly, the testimony of these individuals.

As noted previously by this Court,

To ask this Court to do the exhaustive review of that record [of an extensive trial] with no assistance from the trial judge who sat throughout the proceeding, makes a mockery of appellate review. Our system of appellate review provides an effective expeditious means for fair examination of the issues and resolution of them. It depends, however, on counsel and the trial court adhering to the Rules of Appellate Procedure if the system is not to be paralyzed.

*Commonwealth v. Atwood,* 378 Pa.Super. 21, 547 A.2d 1257 (1988). We find that the trial court has failed to fulfill the requirements of Rule 1925(a). Given the inadequate "letter opinion" of the court below and the court's

refusal to hold a hearing on appellant's post-trial motions, we are compelled, as discussions, *infra*, reveal, to remand this case for further proceedings before a new judge.

■ We now turn to the merits of appellant's claims. First, appellant claims that the interference with custody sentences are unlawful because Judge Walker failed to state sufficient reasons on-the-record for deviating from the Sentencing Guidelines. If a sentencing court deviates from the sentencing guidelines, it must make a contemporaneous disclosure on the record of the reasons for the deviation. *Commonwealth v. Jones*, 433 Pa.Super. 266, 640 A.2d 914 (1994). The sentencing court satisfies this requirement if it states the reasons on-the-record in the defendant's presence. *Id.*

■ After reviewing the transcript of the sentencing hearing, we find that during the sentencing hearing, Judge Walker stated on-the-record the reasons for his decision to depart from the sentencing guidelines on the interference with custody sentences. The lower court stressed the fact that appellant violated his visitation rights and kidnapped his children. N.T., 12/13/95, pp. 99–102. In addition, the court stated repeatedly that it had been lenient with appellant when it granted appellant's request for pre-trial release in relation to the interference with custody charges. The sentencing court found that appellant's decision to go to Mrs. Benchoff's house to terrorize her family was a "total disregard for respect for authority." N.T., 12/13/95, p. 102. Thus, we find that appellant's claim that the trial court failed to explain its deviation from the guidelines is inaccurate and without merit.

■ Second, appellant claims that the sentence is illegal because appellant was sentenced for both burglary and simple assault. Appellant claims that the convictions should have merged for sentencing purposes because both crimes arose out of the same unlawful act. Pursuant to 18 Pa.C.S.A. § 3502(d), "A person may not be convicted both for burglary and for the offense which it

was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree." Simple assault is a misdemeanor of the second degree. Although it is permissible for the defendant to be adjudicated guilty of both crimes, it is not permissible for the trial court to sentence defendant for both burglary and simple assault, where the simple assault is the offense which he intended to commit once inside the premises. *Commonwealth v. Wilks*, 250 Pa.Super. 182, 378 A.2d 887 (1977); *Commonwealth v. Byron*, 319 Pa.Super. 1, 465 A.2d 1023 (1983).

■ The record reflects that appellant intended to assault Mrs. Benchoff at the time he entered her house. Appellant was found guilty of burglary of Mrs. Benchoff's house and of simple assault of Mrs. Benchoff. The trial court erred in sentencing appellant for both crimes. In fact, the Commonwealth concedes that it was improper for the lower court to sentence appellant for both burglary and simple assault.

■ If this Court determines that a sentence must be corrected, we are empowered to either amend the sentence directly or to remand the case to the trial court for resentencing. *Commonwealth v. Simpson*, 316 Pa.Super. 115, 462 A.2d 821 (1983); *Commonwealth v. Eberts*, 282 Pa.Super. 354, 422 A.2d 1154 (1980). However, if we determine that "a correction by this court may upset the sentencing scheme envisioned by the trial court, the better practice is to remand." *Commonwealth v. Dobbs*, 452 Pa.Super. 488, 682 A.2d 388 (1996). After reviewing the record, we find that it is necessary to vacate the sentences for criminal trespass, simple assault and burglary, and we remand these sentences for resentencing.[5]

■ Appellant alleges that Judge Walker should have recused himself at his original sentencing and that he should be resentenced by another trial judge. A judge must recuse himself if there is substantial

---

5. As noted previously, the interference with custody charges were docketed separately from the other charges. Accordingly, the interference with custody sentences are separate from the other sentences and they are not affected by the illegal sentence for simple assault. Thus, we affirm the sentence for interference with the custody of children.

doubt as to his ability to preside impartially. *In the Interest of McFall,* 533 Pa. 24, 617 A.2d 707 (1992). A trial court judge

> is the foremost authority in his own courtroom; he is the sole governor of his own conduct. The duty therefore lies with the lower court judge to ensure that his conduct is above reproach in a criminal prosecution and to recuse himself when his conduct is prejudicial to the defendant .... a judge must recuse himself when his behavior departs from the clear line of duty through questions, expressions or conduct which contravenes the orderly administration of justice.

*In the Interest of Morrow,* 400 Pa.Super. 339, 583 A.2d 816 (1990). Because the integrity of the judiciary is compromised by the appearance of impropriety, recusal is necessary where the judge's behavior *appears* to be biased or prejudicial. *In the Interest of McFall,* 533 Pa. 24, 617 A.2d 707 (1992). Accordingly, even if the court determines that there is no actual prejudice, the court must recuse itself if it appears that there is any improper influence. *Commonwealth v. Mickell,* 409 Pa.Super. 595, 598 A.2d 1003 (1991).

In *Commonwealth v. Darush,* 501 Pa. 15, 459 A.2d 727 (1983), the appellant made numerous arguments in support of recusal, including a claim that the trial judge made derogatory remarks about him. This Court determined that there was no evidence on the record that the defendant's case was handled in an unfair manner. In fact, this Court stated, "we are convinced the trial court acted with complete integrity in assuring appellant it harbored no prejudice against him." *Id.* 459 A.2d at 732. Nonetheless, this Court found that the lower court's inability to admit or deny making improper comments about the defendant necessitated resentencing by another trial judge.

In the present case, Judge Walker did not address appellant's allegations of bias and impropriety in its letter to this Court. In addition, Judge Walker did not mention his public comment on appellant's case, nor did he affirm or deny appellant's claim that people wore "Stop the Violence" pins in the courtroom. The Commonwealth also has not addressed any of appellant's claims of impropriety.

After reviewing the record, we find that we do not have actual proof that the trial judge allowed people to wear "Stop the Violence" pins in the courtroom or that the judge was influenced by his judicial retention election as alleged. However, both of these contentions raise serious questions about the fairness of appellant's trial.

In *Commonwealth v. Bryant,* 328 Pa.Super. 1, 476 A.2d 422 (1984), the trial judge presided over three related criminal matters which involved the defendant. The defendant argued on appeal that before the sentencing hearing, the trial judge stated *in camera* that he was going to impose the maximum sentence and that he was going to schedule the sentencing hearing near the election in an effort to gain favorable publicity. The trial judge did not offer any evidence to refute this allegation. This Court found that such allegations placed the judge's impartiality in issue, and we held that the trial judge should have recused himself. *Id.*

In the present case, Judge Walker did run for judicial retention in November, 1995. The events surrounding appellant's trial occurred within a short period of time before the election. Appellant's trial was held on August 14, 1995. The article in *Public Opinion* was published twelve days after appellant's trial.

▪ Although each of appellant's allegations do not individually amount to an appearance of impropriety, we find that the cumulative effect of the uncontested claims, the public comment on the case and the comments in his letter to this Court about the merits of appellant's allegations of counsel's ineffectiveness amount to an appearance of impropriety. Accordingly, we direct that appellant be resentenced by a different judge.[6]

---

6. Although it is typically desirable to have the trial judge conduct the sentencing hearing, in certain situations bifurcation is necessary. *Com-*

*monwealth v. Knighton,* 490 Pa. 16, 415 A.2d 9 (1980)

Appellant also claims that he is entitled to a new trial due to the ineffectiveness of his trial counsel. Appellant claims that his trial counsel was ineffective for the following reasons: (1) counsel failed to poll the jury; (2) counsel failed to communicate with appellant and prepare for trial; (3) counsel failed to interview potential witnesses; (4) counsel failed to introduce additional impeachment evidence; (5) counsel failed to call character witnesses; (6) counsel failed to utilize expert testimony; (7) counsel failed to cross-examine adequately the prosecution witnesses; (8) counsel failed to request a change in unfaithful to his wife; (10) counsel made disparaging remarks about appellant during closing argument (telling the jury it was okay to call appellant "stupid" and saying that appellant was "guilty of a lot of things."); and (11) counsel failed to object to the introduction of evidence of the shotgun.

 In order to succeed on a claim of ineffectiveness of trial counsel, an appellant must first demonstrate that the issue underlying the claim of ineffectiveness of counsel has arguable merit. *Commonwealth v. Blackwell*, 436 Pa.Super. 294, 647 A.2d 915 (1994); *Commonwealth v. Granberry*, 434 Pa.Super. 524, 644 A.2d 204 (1994). If arguable merit is found, then appellant must show that counsel's actions had no reasonable basis designed to effectuate the appellant's interests. If no reasonable basis is ascertainable, the final test is to determine if such action or inaction so prejudiced the appellant's case that a different result would have occurred if not for the error. *Commonwealth v. Tyson*, 363 Pa.Super. 380, 526 A.2d 395 (1987).

If this Court can not ascertain from the record whether trial counsel had a reasonable basis for his actions, "an evidentiary hearing is usually needed to allow counsel to explain his or her actions so that we can resolve the issue of whether counsel's performance was unreasonable and, if so, prejudicial." *Commonwealth v. Edmiston*, 535 Pa. 210, 634 A.2d 1078, 1092 (1993). An evidentiary hearing provides an opportunity for the parties and the court to focus on counsel's action or inaction. *Commonwealth v. Cottman*, 327 Pa.Super. 453, 476 A.2d 40 (1984).

In its letter to this Court, the lower court claimed that the record was insufficient to address appellant's ineffectiveness claims, despite the fact that appellant specifically requested a hearing. The Commonwealth concedes that an evidentiary hearing is necessary to address appellant's claims. We agree with the Commonwealth that the record fails to reveal sufficient information to analyze appellant's numerous claims. Accordingly, we remand for an evidentiary hearing to address the ineffectiveness claims. Because Judge Walker demonstrated in his letter to this Court that he was unwilling to review the substance of appellant's ineffectiveness claims, we direct that the evidentiary hearing be held by the same judge who is assigned to resentence appellant.

As to Docket No. 872–1994, we affirm the judgment of sentence. As to Docket No. 150–1995, we vacate the judgment of sentence and remand for resentencing and an evidentiary hearing before a different judge in accordance with the provisions of this opinion. Jurisdiction relinquished.