J-S32020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEITH CONRAD, | |
| Appellant | No. 1659 WDA 2014 |

Appeal from the Judgment of Sentence of May 20, 2014
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000853-2013

BEFORE:  SHOGAN, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 03, 2015**

Appellant, Keith Conrad, appeals from the judgment of sentence entered on May 20, 2014, following his jury trial conviction for theft by failure to make required disposition of funds received.[1]  Upon review, we affirm Appellant's conviction, but remand for resentencing on restitution.

We briefly summarize the facts and procedural history of this case as follows.  Appellant is a home improvement contractor.  Ronald Ferry hired Appellant to install, *inter alia*, a geothermal heating system at Mr. Ferry's residence. The Commonwealth charged Appellant with the aforementioned crime, as well as deceptive or fraudulent business practices[2] when Appellant

_____

[1]  18 Pa.C.S.A. § 3927.

[2]  18 Pa.C.S.A. § 4107.

purportedly accepted payment and did not complete services. On April 9, 2014, a jury convicted Appellant of theft by failure to make required disposition of funds and acquitted him of deceptive or fraudulent business practices. On May 20, 2014, the trial court sentenced Appellant to six months to one year of incarceration, followed by two years of probation. The trial court also ordered Appellant to pay $22,686.84 to Boyer Refrigeration and $4,806.20 to Mr. Ferry as restitution. This timely appeal resulted.[3]

_____

[3] Appellant filed a post-sentence motion on May 29, 2014. The trial court held a hearing on Appellant's post-sentence motion on June 5, 2014. The trial court issued an order and opinion on August 26, 2014, denying counts V and VII of Appellant's post-sentence motion, which dealt with issues pertaining to recusal. The trial court did not address Appellant's remaining claims at that time. On September 25, 2014, Appellant filed a notice of appeal. On September 26, 2014, Appellant's post-sentence motion was denied by operation of law. Although the notice of appeal was premature, because the trial court had not ruled on the post-sentence motion in its entirety, the appeal was perfected once the remaining counts were denied by operation of law. *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). On September 26, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. Appellant timely complied, raising some of the claims he raised previously by way of post-sentence motion, but which were not addressed by the trial court. On November 17, 2014, the trial court advised this Court that it would rely on its August 26, 2014 opinion regarding the issues presented on appeal. On June 9, 2015, this Court issued a memorandum decision remanding the case back to the trial court for the preparation of an opinion pursuant to Pa.R.A.P. 1925(a) that addressed all of the issues raised in Appellant's concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). The trial court filed a supplemental opinion on June 24, 2015.

Appellant presents the following issues[4] for our consideration:

    I.    Whether the lower court erred in sustaining the verdict of guilty where the Commonwealth failed to present sufficient evidence at trial to support a jury finding that [Appellant] obtained the relevant property "upon agreement, or subject to a known legal obligation, to make specified payments or other disposition."

    II.    Whether the lower court erred by issuing an order of restitution in the amount of $4,806.20 to Ronald Ferry, where the restitution related to the charge of deceptive business practices for which [Appellant] was acquitted by a jury.

    III.    Whether the trial court erred by misapplying the sentencing guidelines when it assigned an offense gravity score of (6) and used the same in calculating the guideline sentence, where the offense involved a monetary value of less than $25,000[.00].

Appellant's Brief at 5 (complete capitalization and suggested answers omitted).

In the first issue, Appellant contends that the Commonwealth did not present sufficient evidence to support his conviction for theft by failure to make required disposition of funds received. Appellant's Brief at 26-31. More specifically, Appellant argues, "where a construction contract does not require the specific disposition of funds, payments made to the contractor become the property of the contractor at the time of transfer." *Id.* at 26. Appellant claims "he completed approximately ninety-five (95) percent of

_____

[4] We have reordered and renumbered the issues for ease of discussion.

the contracted work" over the course of "numerous months" and "it was only after his business began to financially spiral that [Appellant] ceased work on the contract." *Id.* at 28. Thus, he contends, there was no evidence that established Appellant fraudulently obtained the advanced funds at the inception of the contract. *Id.* at 27. Further, Appellant claims "the record does not support a finding that [he] obtained any funds from Mr. Ferry that were subject to a specific obligation to reserve a specific portion for payment of the geothermal system[.]" *Id.* at 31.

Our standard of review is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Cahill*, 95 A.3d 298, 300 (Pa. Super. 2014) (citation omitted).

The legislature defines theft by failure to make required disposition of funds received as follows:

> A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition. The foregoing applies notwithstanding that it may be impossible to identify particular property as belonging to the victim at the time of the failure of the actor to make the required payment or disposition.

18 Pa.C.S.A. § 3927(a).

We have previously determined:

> Section 3927(a) requires a person who accepts money or property of another pursuant to an agreement to meet the obligations of the agreement. An agent who has received funds subject to an obligation to make a required payment may commingle funds if he so chooses without penalty as long as the obligation for which the money or property is entrusted is met in a timely fashion. The language of the statute, that a person is guilty of theft by failure to make required disposition of funds if he 'deals with property as his own,' does not require that the defendant *actually use the property of another.* The word 'deals' means that the defendant took the property designed for a specific use and used it as if it were his or her own property.

***Commonwealth v. Veon***, 109 A.3d 754, 773-774 (Pa. Super. 2015) (citations and quotations omitted) (emphasis in original).

The Commonwealth produced the following evidence at trial. Mr. Ferry testified that he contracted with Appellant to build an efficient, economical, and environmentally friendly second home on property Mr. Ferry owned near

Treasure Lake. N.T., 4/9/2014, at 27. Mr. Ferry was interested in installing a geothermal heating unit at the home. *Id.* He entered into a contract with Appellant "to construct a three-bedroom, two-bath home with about 1500 square feet and the heat source would be geothermal-based." *Id.* at 30. Under the written terms of the contract, the proposed cost of construction of the house was $155,000.00, with an additional cost of $28,358.54 for the geothermal unit. *Id.* at 42. Mr. Ferry paid Appellant the entire amount due under the contract in nine payments, including an additional $11,387.35 for purported overages not covered under the contract, and Mr. Ferry did not make direct payment to Charles Scott Boyer, owner of Boyer's Refrigeration, Heating and Air Conditioning. *Id.* at 33-34, 43-53. Boyer's Heating and Cooling installed the geothermal unit in the new house. *Id.* at 34. Thereafter, Mr. Boyer contacted Mr. Ferry to inquire as to whether Mr. Ferry paid Appellant for the unit. *Id.* at 34. Subsequently, Mr. Ferry confronted Appellant "multiple times" about payment to Mr. Boyer and Appellant said "he was taking care of it." *Id.* at 35. The house was never completed and Mr. Boyer was not paid. *Id.* at 36. Mr. Boyer filed a mechanic's lien against Mr. Ferry's property for $28,074.95. *Id.* at 38.

The Commonwealth also presented the testimony of Mr. Boyer. Mr. Boyer testified he installed a geothermal system in Mr. Ferry's house at Appellant's request. *Id.* at 64-66. Mr. Boyer and Appellant entered into a written contract beforehand. *Id.* at 71-72. The cost was a little over $28,000.00 and Appellant made one initial payment of "just a little over

$2,800.00" to Mr. Boyer, representing 10% of the total cost of the geothermal unit. *Id.* at 66. Mr. Boyer invoiced and communicated with Appellant multiple times after installation of the heating unit was almost complete, in an effort to receive payment of the remaining balance. *Id.* at 66-67. Mr. Boyer testified that he asked Appellant if Mr. Ferry paid Appellant. *Id.* at 68. Appellant admitted to Mr. Boyer that Mr. Ferry had paid him, but "said [Appellant] had spent it elsewhere." *Id.* at 68. Mr. Boyer attempted to secure financing for Appellant, but Appellant did not follow through. *Id.* Mr. Boyer testified that Appellant "acknowledged that he didn't intend to pay [Mr. Boyer], it wasn't [Appellant's] intention, [and] he didn't have the money[.]" *Id.* at 69.

Appellant testified on his own behalf. Appellant confirmed the contract prices, conceded that Mr. Ferry paid him in full, and acknowledged he did not pay Mr. Boyer. *Id.* at 96-99, 123, 150. Appellant agreed that he contracted directly with Mr. Boyer and that Mr. Ferry expected Appellant to pay Mr. Boyer. *Id.* at 148-149. Appellant had one bank account that he used for multiple construction contracts and no method of accounting for the individual jobs. *Id.* at 145-147. Appellant paid himself, $700.00 per week, from that account which contained the deposits from Mr. Ferry. *Id.* at 134-136.

Upon review of the record, viewing it in the light most favorable to the Commonwealth as our standard requires, we conclude that there was sufficient evidence to support Appellant's conviction. Appellant accepted

money from Mr. Ferry based upon a contract the parties entered. The contract specifically called for the installation of a geothermal unit and specifically named Boyer Refrigeration, Heating, and Air Conditioning as the entity to perform the work. Mr. Ferry paid Appellant in full for the entirety of the work to be completed, including installation of the geothermal unit. Appellant commingled funds from multiple construction jobs, including the one at issue here, into one bank account, but then never met his obligation to pay Mr. Boyer. Appellant accepted funds under the agreement with Mr. Ferry and, instead of meeting his obligations under the agreement in a timely fashion, used those funds as if they were his own property. For all of the foregoing reasons, we discern no abuse of discretion in finding sufficient evidence to support Appellant's conviction for theft by failure to make required disposition of funds received.

In Appellant's last two issues, he claims that the trial court misapplied the sentencing guidelines when it assigned an inappropriate, higher offense gravity score in fashioning Appellant's sentence on his conviction for theft by failure to make required disposition. Appellant's Brief at 8. More specifically, Appellant argues that since he was acquitted of deceptive business practices, the trial court erred in ordering restitution in the amount of $4,806.20 to Mr. Ferry. *Id.* at 9. Appellant argues that his conviction for theft by failure to make the required disposition of funds supported only the $22,686.84 restitution award to Boyer Refrigeration. Thus, he contends:

Theft by failure to make required disposition of funds is subcategorized within the sentencing guidelines according to the monetary value involved in the offense. Where the offense involved a monetary value amount between $2,000[.00] and $25,000[.00], the appropriate offense gravity score is five (5). Where the offense involved a monetary amount between $25,000[.00] and $100,000[.00], the appropriate offense gravity score is six (6). Here, the offense for which [Appellant] was convicted involved a monetary amount of $22,686.84, making the appropriate offense gravity score five (5).

Furthermore, due to the miscalculation of the offense gravity score, [Appellant] was sentenced according to an inaccurate standard range. The standard range for an offense gravity score of five (5) and a prior record score of zero (0) is RS (restorative sanctions) to nine (9) months of incarceration. However, the standard range for an offense gravity score of six (6) and a prior record score of zero (0) increases to three (3) to twelve (12) months of incarceration. Although [Appellant's] minimum term of incarceration of six (6) months could have been imposed under either standard range, that does not prevent [Appellant] from raising the present challenge to the misapplication of the sentencing guidelines.

*Id.* at 15 (some capitalization omitted).

In sum, in his last two issues on appeal, Appellant avers that the trial court erred by ordering restitution on the acquitted charge of deceptive business practices. Appellant further argues that this error, in turn, improperly inflated the monetary value of Appellant's offense under the sentencing guidelines and affected the offense gravity score used by the trial court to determine the applicable guideline range for theft by failure to make required disposition of funds received.

First, we address the restitution issue:

Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S.A. § 1106(a). "Challenges to the appropriateness of a sentence of restitution are generally considered challenges to the legality of the sentence." *Commonwealth v. Langston*, 904 A.2d 917, 921 (Pa. Super. 2006) (citation omitted). Our standard of review in determining the legality of a sentence is as follows:

If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Hall*, 994 A.2d 1141, 1144 (Pa. Super. 2010) (citation omitted).

On this issue, the trial court "agrees" that it "erred in ordering [Appellant] to pay $4,806.20 to Mr. Ferry in restitution." Trial Court Opinion, 6/24/2015, at 4. Upon review, we also agree. Section 1106 provides for restitution upon conviction of a crime involving property. Here, ordering restitution on the deceptive business practices charge, upon which the jury found Appellant not guilty, was illegal. "If this Court determines that a sentence must be corrected, we are empowered to either amend the sentence directly or to remand the case to the trial court for resentencing."

- 10 -

*Commonwealth v. Benchoff*, 700 A.2d 1289, 1294 (Pa. Super. 1997); *see also Commonwealth v. Dobbs*, 682 A.2d 388, 392 (Pa. Super. 1996) (noting that while this Court has the option of amending an illegal sentence directly or remanding it to the trial court for re-sentencing, "[i]f a correction by this [C]ourt may upset the sentencing scheme envisioned by the trial court, the better practice is to remand."); *compare Commonwealth v. Gentry*, 101 A.3d 813, 818 (Pa. Super. 2014) (trial court order imposing restitution of $1.00, until later evidence of the exact amount of restitution due was provided by the Commonwealth, found illegal; case remanded because restitution was proper, but not accurate, and the overall sentencing scheme was upset.).

In this case, we vacate the portion of Appellant's sentence ordering restitution to Mr. Ferry and remand for resentencing. We have upset the sentencing scheme in this case by vacating the portion of restitution to Mr. Ferry. As recited above, the geothermal unit cost $28,358.54 and Mr. Boyer received a payment of $2,835.85. Hence, $25,522.69 was still due to Boyer Refrigeration. However, the trial court ordered restitution to Boyd Refrigeration in the amount of $22,686.84. We are unable to reconcile the balance still due and owing to Boyer Refrigeration with the trial court's actual restitution order to that entity. We note, however, that it appears from the record that the trial court may have factored the restitution not properly due to Mr. Ferry in its assessment of the restitution due to Boyer Refrigeration.

Hence, we vacate those portions of Appellant's sentence pertaining to restitution and remand for resentencing.

Next, Appellant challenges the trial court's assignment of an offense gravity score of six to his conviction in sentencing him to a term of imprisonment. Appellant's claim implicates the discretionary aspects of sentencing. *See Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (Appellant argued trial court abused its discretion in applying an offense gravity score of eight in calculating the guideline ranges).

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.

*Id.* In this case, Appellant has complied with the prerequisites. Moreover, we previously determined that a claim that the trial court abused its discretion in applying an offense gravity score raises a substantial question. *Id.* Hence, we will examine Appellant's claim.

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014).

Here, the trial court explained:

> [Appellant] argues that the sentencing [c]ourt abused its discretion in assigning an offense gravity score of six to his conviction.   Plainly stated, Appellant's argument fails. Furthermore, even if [Appellant] is correct that the sentencing [c]ourt used the wrong offense gravity score; it is of no effect because the sentence imposed is with[in] the standard range of either an offense gravity score of five or six.
>
> For first time offenders, the crime of theft by failure to make required disposition of funds received carries an offense gravity score of five for an offense involving a monetary value between $2,000.00 and $25,000.00; and an offense gravity score of six for an offense involving a monetary value of $25,000.00 to $100,000.00.  **See** 204 Pa. Code § 303.15.  With an offense gravity score of five and prior record score of zero, Pennsylvania's sentencing guidelines suggest a standard range of restorative sanctions (RS) to nine months of incarceration.  With an offense gravity score of six and a prior record score of zero, Pennsylvania's sentencing guidelines suggest a standard range of three months of incarceration to 12 months of incarceration.  In either event, a six[-]month incarceration sentence is within the standard range of either offense gravity score.

> [Appellant's] offense gravity score is properly calculated at six because he was given $28,358.54 for the geothermal system; less the 10% payment he made of $2,835.85; leaving a remaining balance of $25,522.69. This warrants an offense gravity score of six as it is within the $25,000.00 to $100,000.00 range. However, in practical terms, it is of no effect whether his offense gravity score was calculated at five or six because his six[-]month sentence is within the standard range for both offense gravity scores.

Trial Court Opinion, 6/24/2015, at 2-3.

Appellant argues "the monetary amount at issue was $22,686.84, making the appropriate offense gravity score a five (5) rather than a six (6)." Appellant's Brief at 18. However, as set forth above, the record suggests otherwise. Again, the parties agree the cost of the geothermal unit was $28,358.54 and Appellant paid Mr. Boyer 10% of the total amount owed. Hence, the trial court's assessment that the remaining balance owed totaled $25,522.69 was accurate. Accordingly, the application of an offense gravity score of six was proper. Hence, we discern no abuse of discretion.

Moreover, Appellant concedes that the sentence imposed fell within the guideline ranges under either an offense gravity score of five or six. *See* Appellant's Brief, at 15. We note, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Lamonda*, 52 A.3d at 372. Here, the monetary value was just slightly over the $25,000.00 line. The trial court imposed a sentence that overlaps the standard range of sentences under either an offense gravity score of five or six. We discern no abuse of discretion.

Judgment of sentence affirmed. Remand for resentencing on restitution. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/3/2015