J-S64008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICCA HEPPDING | : | |
| | : | |
| Appellant | : | No. 218 MDA 2017 |

Appeal from the Judgment of Sentence December 14, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000277-2016

BEFORE: PANELLA, J., SHOGAN, J., and FITZGERALD*, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED DECEMBER 08, 2017**

Appellant pled guilty to two counts: possession of child pornography and corruption of minors. On the latter, the court imposed a consecutive sentence of incarceration of 21 to 42 months, followed by three years of probation. Appellant, the Commonwealth, and the trial court all agree this sentence is illegal. We also agree.

Corruption of minors, 18 Pa.C.S.A. § 6301(a)(1)(i), is a first-degree misdemeanor, whose statutory maximum term is five years. ***See*** 18 Pa.C.S.A. § 1104(1). The court imposed a split sentence on this conviction. "When determining the lawful maximum allowable on a split sentence, the time originally imposed cannot exceed the statutory maximum." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa. Super. 2010) (citations omitted). For example, "where the maximum is ten years, a defendant cannot receive a term of incarceration of three to six years

_____
* Former Justice specially assigned to the Superior Court.

followed by five years['] probation." *Id*., at 1284. The court here imposed a total of 78 months—well in excess of the 60 months mandated by § 1104(1).

As the sentence exceeds the statutory maximum, it is illegal. ***See Commonwealth v. Hansley***, 47 A.3d 1180, 1189 (Pa. 2012) ("The classic claim of an 'illegal sentence' is one that exceeds the statutory limits.") Accordingly, we vacate the judgment of sentence and remand for resentencing. ***See***, ***e.g.***, ***Commonwealth v. Benchoff***, 700 A.2d 1289, 1294 (Pa. Super. 1997) ("If we determine that a correction by this court may upset the sentencing scheme envisioned by the trial court, the better practice is to remand.") (internal quotation marks omitted).

Convictions affirmed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2017