J-S71003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THEODORE ROBINSON | : | |
| | : | No. 3026 EDA 2016 |
| Appellant | | |

Appeal from the PCRA Order September 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008332-2007
CP-51-CR-0008333-2007

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.:                     **FILED FEBRUARY 20, 2018**

Appellant, Theodore Robinson, appeals from the order entered in the Philadelphia County Court of Common Pleas, denying his first petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Appellant sought PCRA relief to vacate illegal sentences he asserts arose from the trial court's failure to merge his aggravated assault convictions with his attempted murder convictions at sentencing. Appellant, the Commonwealth, and the PCRA court all agree these convictions should have merged. We too agree. Therefore, we reverse the PCRA court's order and vacate Appellant's two sentences for aggravated assault, but otherwise leave the remainder of Appellant's judgment of sentence and all convictions intact.

The relevant facts and procedural history of the case are as follows. On July 30, 2008, a jury convicted Appellant of two counts each of attempted

_____
* Retired Senior Judge assigned to the Superior Court.

murder, aggravated assault, and possessing an instrument of crime, as well as a single count of terroristic threats. The trial court later sentenced Appellant to consecutive terms of 15 to 30 years' imprisonment for each of the attempted murder charges, 2½ to 5 years' imprisonment for one of the possessing an instrument of crime convictions,[1] and 1 to 5 years' imprisonment for the terroristic threat charge. Further, the trial court imposed sentences of 10 to 20 years' imprisonment for each of the two aggravated assault charges, to run concurrent to the other sentences. In total, Appellant received an aggregate sentence of 33½ to 70 years' imprisonment.

On direct appeal, this Court affirmed Appellant's sentence and the Pennsylvania Supreme Court denied *allocator*. Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel and subsequently permitted Appellant to amend his PCRA petition multiple times over the course of several years.

Finally, on March 3, 2015, Appellant filed an amended PCRA petition alleging the illegality of his sentences for aggravated assault. The PCRA court ultimately issued notice of its intent to dismiss Appellant's petition without a hearing. Despite Appellant's response, the PCRA court dismissed Appellant's petition without a hearing. This appeal follows.

On appeal, Appellant seeks to vacate his sentences for aggravated assault. In support of his argument, Appellant alleges his convictions for

---

[1] The trial court did not impose a sentence for the second possessing an instrument of crime conviction.

attempted murder and aggravated assault arose from the same incident, and therefore should have merged for sentencing purposes. Due to the imposition of sentences for both crimes, Appellant alleges he received an illegal sentence. Both the Commonwealth and PCRA court agree with Appellant's argument. *See* Commonwealth's Brief, at 12; PCRA Court Opinion, 4/28/17, at 4-7.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). On questions of law, our scope of review is *de novo*. ***See id***.

Claims asserting the illegality of a sentence are cognizable under the PCRA provided, as here, the petitioner raises the claim in a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9542. Whether convictions merge for sentencing purposes "is a question implicating the legality of Appellant's sentence." ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009) (citation omitted).

In relation to merger, the Sentencing Code provides as follows:

> No crime shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

"[T]he offense of aggravated assault is necessarily included within the offense of attempted murder; every element of aggravated assault is

- 3 -

subsumed in the elements of attempted murder." ***Commonwealth v. Anderson***, 650 A.2d 20, 24 (Pa. 1994). Thus, merger in this case would be appropriate as long as the crimes arose from a single criminal act.

Everyone involved here agrees that Appellant's convictions for aggravated assault and attempted murder arose from the same criminal act. And following our review of the record, we find no error in this conclusion. ***See Commonwealth v. Robinson***, No. 317 EDA 2009, at 2-3 (Pa. Super., filed October 6, 2009) (unpublished memorandum). Therefore, Appellant's convictions for aggravated assault should have merged with his convictions for attempted murder for sentencing purposes.

"If this Court determines that a sentence must be corrected, we are empowered to either amend the sentence directly or to remand the case to the trial court for resentencing." ***Commonwealth v. Benchoff***, 700 A.2d 1289, 1294 (Pa. Super. 1997) (citations omitted). If our disposition upsets the sentencing scheme, we should remand. ***See id***. That is not the case here.

As noted, the trial court ordered Appellant's sentences of 10 to 20 years' imprisonment for aggravated assault to run *concurrent* to Appellant's aggregate sentence of 33½ to 70 years' imprisonment. Thus, our finding of illegality does not affect Appellant's aggregate sentence.

Accordingly, we reverse the PCRA court's order and vacate the judgment of sentence for both counts of aggravated assault.

Order reversed. Judgment of sentence vacated in part and affirmed in part. Convictions affirmed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 2/20/2018*