J-S58013-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS C. FEITL | : | |
| | : | |
| Appellant | : | No. 152 WDA 2018 |

Appeal from the Judgment of Sentence January 5, 2018
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0002389-2016

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    FILED DECEMBER 19, 2018

Appellant, Nicholas C. Feitl, appeals from the judgment of sentence entered on January 5, 2018, following his guilty plea for statutory sexual assault and indecent assault.[1]   Upon review, we vacate the portion of Appellant's sentence for statutory sexual assault that required him to register pursuant to the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10–9799.41.  We affirm Appellant's judgment of sentence in all other respects.

We briefly summarize the relevant facts and procedural history of this case as follows.   In August 2016, Appellant, who was 29 years old at the time, engaged in sexual misconduct with a fourteen-year-old female. On October 20, 2017, Appellant pled guilty to the aforementioned charges.  On

_____

[1]  18 Pa.C.S.A. §§ 3122.1(a)(1) and 3126(a)(3), respectively.

December 28, 2017, the trial court sentenced Appellant to 18 to 42 months of incarceration followed by a year of probation for statutory sexual assault with a consecutive term of 12 months of probation for indecent assault.  On January 5, 2018, the trial court sua sponte entered an order correcting the original sentencing order to reflect the proper statutory section for statutory sexual assault as pled by Appellant.   On January 5, 2018, the trial court notified Appellant that he was required to register pursuant to Tier II[2] of SORNA for both of his sex offenses.  This timely appeal resulted.[3]

_____

[2] For purposes of sex offender registration, SORNA classifies sexual offenders into the following three tiers:

> Those convicted of Tier I offenses are subject to registration for a period of fifteen years and are required to verify their registration information and be photographed, in person at an approved registration site, annually. 42 Pa.C.S.[A.] § 9799.15(a)(1), (e)(1). Those convicted of Tier II offenses are subject to registration for a period of twenty-five years and are required to verify their registration information and be photographed, in person at an approved registration site, semi-annually. 42 Pa.C.S.[A.] § 9799.15(a)(2), (e)(2).

> Those convicted of Tier III offenses are subject to lifetime registration and are required to verify their registration information and be photographed, in person at an approved registration site, quarterly. 42 Pa.C.S.[A.] § 9799.15(a)(3), (e)(3).

Commonwealth v. Muniz, 164 A.3d 1189, 1206-1207 (Pa. 2017).

[3] Appellant filed a notice of appeal on January 23, 2018.  On February 12, 2018, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant complied timely on February 13, 2018.  The trial court issued an opinion pursuant to

On appeal, Appellant presents the following issues for our review:

I.    Whether the trial court erred, as a matter of law, by sentencing Appellant to a SORNA registration period in excess of the statutory maximum for the qualifying offense?

II.   Whether the trial court erred, as a matter of law, by indicating on the record that [Appellant] would be subject to SORNA registration for an offense not included therein?

Appellant's Brief at 18.

For ease of disposition, we will examine Appellant's second issue first. In his second issue presented, Appellant contends that the trial court erred as a matter of law by ordering him to register as a Tier II offender under SORNA for statutory sexual assault, because there is no statutory authority for registration for that offense. Appellant's Brief at 45-46. The Commonwealth concedes this point. See Commonwealth's Brief at 12. Upon our review, 18 Pa.C.S.A. § 3122.1(a)(1), the crime to which Appellant pled guilty, is not one of the enumerated crimes constituting a Tier II offense. See 42 Pa.C.S.A. § 9799.14 (sexual offenses and tier system). As such, we vacate the portion of Appellant's sentence requiring him to register as a Tier II offender for statutory sexual assault. "If this Court determines that a sentence must be corrected, we are empowered to either amend the sentence directly or to remand the case to the trial court for resentencing." Commonwealth v. Benchoff, 700 A.2d 1289, 1294 (Pa. Super. 1997). Because there is no

_____

Pa.R.A.P. 1925(a) on March 2, 2018, requesting "that the judgment of sentence be vacated and that the case be remanded for reconsideration of the convictions in light of the holding[] in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017)." Trial Court Opinion, 3/2/2018, at *1 (unpaginated).

- 3 -

additional action necessary by the trial court, we amend Appellant's sentence for statutory sexual assault directly and conclude resentencing is unwarranted on this issue.

In his first issue presented, relying principally upon our Supreme Court's decision in Muniz, Appellant argues:

> [R]egistration pursuant to SORNA should be declared unconstitutional as the statutorily prescribed periods of registration therein exceed the maximum sentences annexed to the corresponding crimes. More specifically, as applied to Appellant, 25 years registration under SORNA constitutes an illegal sentence as it inflicts punishment in excess of his maximum sentence under 18 Pa.C.S.A. § 3126(a)(3)[(indecent assault)].[4] As such, Appellant respectfully requests that this Court vacate the 25[-]year registration portion of his sentence.

Appellant's Brief at 45. As previously mentioned, in its Rule 1925(a) opinion, the trial court requests that we vacate Appellant's judgment of sentence and remand for reconsideration in light of Muniz. Trial Court Opinion, 3/2/2018, at *1 (unpaginated). However, this Court recently rejected the precise argument Appellant currently advances. See Commonwealth v. Strafford, 194 A.3d 168, 173 (Pa. Super. 2018) (SORNA's registration requirements are authorized punitive measures separate and apart from a defendant's term of incarceration, the legislature did not limit the authority of the court to impose registration requirements only within the maximum allowable term of

---

[4] Our amendment of Appellant's sentence striking his registration requirement for statutory sexual assault does not render this issue moot. Even after amendment, Appellant retains a 25-year, Tier II registration requirement for his indecent assault conviction.

- 4 -

incarceration, and, in fact, the legislature requires courts to impose registration requirements in excess of the maximum allowable term of incarceration). Accordingly, Appellant is not entitled to relief on his first issue presented.

Judgment of sentence vacated and amended in part and affirmed in all other respects. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2018