J-S29044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KALENA TABB :
:
Appellant : No. 2005 EDA 2017

Appeal from the Judgment of Sentence May 19, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008045-2016

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED JULY 17, 2020**

Kalena Tabb (Tabb) appeals from the judgment of sentence imposed by
the Court of Common Pleas of Philadelphia County (trial court) after finding
her guilty of simple assault and possessing an instrument of crime. We affirm
the convictions but amend the sentence imposed for simple assault.

On June 10, 2016, Marvin Carter drove to his daughter's school to pick
her up as part of a child custody arrangement. At the time, Carter shared
custody with the child's mother, Tabb. When the child did not come out,
Carter called Tabb to see why the child was not outside to be picked-up. Tabb
told him that the child was with her and that she would bring her to him.

---

[*] Retired Senior Judge assigned to the Superior Court.

As found by the trial court, when Tabb and daughter arrived, Carter was sitting in his truck. Tabb walked up to the truck's front window and punched Carter in the face. As he tried to block her, Tabb hit him twice more in the back of his head with, according to Carter, either a cell phone or "a big, shiny thing." When she walked away, Carter got out of his truck. Tabb quickly turned around and smashed his leg with the truck door. Carter tried to grab his daughter but Tabb hit him twice more, knocking him to the ground. The police soon arrived and called an ambulance to take Carter to a hospital for treatment. Tabb was charged by criminal information with simple assault, harassment and possessing an instrument of crime.[1]

At her May 19, 2017 bench trial, Tabb gave a drastically different version of what happened. According to her, Carter got out of his truck and started yelling, getting in her face and pointing at her. Carter then tried to slap her but she blocked it and hit him back in self-defense. Tabb testified that she was afraid Carter would try to hit her again because he had previously attacked her. Tabb also admitted the stipulated testimony of a coworker that she has a reputation for peacefulness and truthfulness.

---

[1] 18 Pa.C.S. §§ 2701(a), 2709(a)(1) and 907(a). Though Carter is an adult, the Commonwealth mistakenly graded simple assault as a first-degree misdemeanor, which applies only when the offense is committed "against a child under 12 years of age [.]" 18 Pa.C.S. § 2701(b)(2). We address this error at the end of our decision.

The court found her guilty of simple assault and possessing an instrument of crime and sentenced her to concurrent terms of three years' probation for each offense. Tabb timely appealed and now raises sufficiency claims against both of her convictions, as well as an illegal sentence claim for simple assault.

We first address Tabb's challenge to the sufficiency of evidence for simple assault.[2] Under Section 2701 of the Crimes Code, a person is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S. § 2701(a)(1). "Bodily injury" is the "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. In arguing that the evidence was insufficient for simple assault, Tabb principally relies on her own testimony and asserts that she was justified in using force against Carter. She also highlights that she presented evidence of her reputation for peacefulness and truthfulness, and contrasts this with

---

[2] "The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Bradley**, 69 A.3d 253, 255 (Pa. Super. 2013). "If the Commonwealth has presented some evidence of each element of the crime, we deem the evidence sufficient unless it is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Id**.

Carter, whom she characterizes as a domestic abuser with a prior conviction for aggravated assault.[3]

Tabb's argument goes more to the weight of the evidence than its sufficiency. Under our standard, we view all of the evidence in the light most favorable to the verdict winner, which, in this case, was the Commonwealth. Here, Carter and Tabb gave very different accounts of what happened. According to Carter's version, Tabb was the aggressor, punching him in the face first, hitting him in the head with an object, crushing his leg in the truck door, and then hitting and knocking him to the ground, where he remained until the police arrived. In contrast, Tabb portrayed Carter as the aggressor, forcing her to protect herself when he tried to slap her. Tabb, however, is asking us to ignore that after hearing both versions, the trial court simply credited Carter's version over her version. Additionally, the Commonwealth presented photographs of Carter's injuries that were taken soon after the incident, including a mark on his leg caused by Tabb slamming a truck door on it. Viewed in the light most favorable to the Commonwealth, there was sufficient evidence to convict her for simple assault.

Next, to convict a person for possessing an instrument of crime under 18 Pa.C.S. § 907(a), "the Commonwealth has the burden of proving two elements: (1) possession of an object that is an instrument of crime and (2)

---

[3] Carter testified that his conviction was in 1990 and did not involve domestic abuse. N.T., 5/19/17, at 23-24.

intent to use the object for a criminal purpose." *In re A.V.*, 48 A.3d 1251, 1253 (Pa. Super. 2012). The statute defines an instrument of crime, in relevant part, as "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S. § 907(d)(2).

Tabb argues that no weapon or object that could be used criminally was ever recovered or credibly observed, focusing on Carter's vague description that Tabb was holding a cell phone and "a big, shiny thing." Tabb asserts that there was insufficient evidence that she possessed these items with any intent to use them criminally, basically arguing that—at most—she hit Carter while she had an item in her hand. In her view, this negates the *mens rea* necessary to convict for possessing an instrument of crime.

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we find there was sufficient evidence to convict for possessing an instrument of crime. At trial, Carter testified that Tabb walked up to his truck and punched him first through the open front window. N.T., 5/19/17, at 10. Because she was hitting him, Carter put his hands over the left side of his face to block her from punching him through the driver's side front window. *Id*. at 10-11. The following exchange then occurred:

> [Carter]: I'm blocking her to keep her from hitting me. I said stop, stop. So the back window was down. **So all I know I felt something hit me in the back of my head through the window**. And I'm trying to get this window up with the other hand. And I couldn't get the back window at the time, so she hit me two times in the back of my head.

> [Commonwealth]: Do you know did she have something in her hand?
>
> [Carter]: She had a phone and a big, shiny thing.

*Id*. at 11 (emphasis added).

Based on this testimony, the trial court could infer that when Tabb was unable to hit Carter anymore through the front window, she then reached through the back window and used one of the objects in her hand to hit Carter in the back of the head. Significantly, his testimony was not that he felt her closed fist or hand hit him in the back of the head; instead, he testified that he felt "something" hit him. From these facts, the trial court could infer that Tabb used the object in her hand to extend her reach through the back window and, as the Commonwealth suggests, increase the force of the blows.

Tabb cites *Commonwealth v. Jackson*, No. 811 EDA 2017 (Pa. Super. 2018) (unpublished memorandum), where we reversed a conviction for possessing an instrument conviction where the defendant rolled up a hat and held it by his side while he threatened the victim. We held that this was insufficient because the defendant did not do anything with the hat to simulate or give the impression that it was a gun. *Id*. at *10. However, this case differs in that Tabb actually used the object to actually hit Carter rather than threaten him. In such instances, we have found such evidence of employing the object for an assault to be sufficient. *See*, *e.g.*, *Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016) (defendant used iron pipe to strike the victim's arm); *see also Commonwealth v. Brunson*, 938 A.2d

1057, 1062 (Pa. Super. 2007) (defendant threw a plastic bottle at the victim). In these cases—as in this one—an otherwise innocuous object was used in an assault, thus meeting the plain language of § 907(a) that the object is possessed "with intent to employ it criminally." As a result, based on the testimony of Carter which the trial court found credible, the Commonwealth presented sufficient evidence to convict Tabb for possessing an instrument of crime.

Finally, the trial court and the Commonwealth agree that it imposed an illegal sentence for simple assault. The Commonwealth graded the offense in the information as a first-degree misdemeanor, which is only applicable when simple assault is committed "against a child under 12 years of age by a person 18 years of age or older." 18 Pa.C.S. § 2701(b)(2). Neither Tabb nor the Commonwealth corrected this at sentencing, and the trial court went on to sentence her to three years' probation and entered the conviction in its sentencing order as a first-degree misdemeanor. Because Carter and Tabb are both adults, the offense should have been graded as a second-degree misdemeanor with a statutory maximum of two years' imprisonment. 18 Pa.C.S. § 1104(2).

"If this Court determines that a sentence must be corrected, we are empowered to either amend the sentence directly or to remand the case to the trial court for resentencing." **Commonwealth v. Benchoff**, 700 A.2d 1289, 1294 (Pa. Super. 1997). "[I]f we determine that a correction by this

[C]ourt may upset the sentencing scheme envisioned by the [sentencing] court, the better practice is to remand." ***Id.*** (citation and quotation marks omitted). However, if our disposition does not alter the overall sentencing scheme, then there is no need for a remand for resentencing. ***Commonwealth v. Thur***, 906 A.2d 552, 569 (Pa. Super. 2006).

Because her sentences were concurrent, we do not need to remand for resentencing. However, because the grading of her simple assault is incorrect, we must amend the grading of her conviction to a second-degree misdemeanor and amend the sentence imposed to the statutory maximum concurrent term of two years' probation, consistent with 18 Pa.C.S. § 1104(2).

Accordingly, we amend the conviction at count one (simple assault) to the grade of second-degree misdemeanor, and amend the trial court's sentence of three years' probation to two years' probation, concurrent to the sentence imposed to count three (possessing an instrument of crime). Judgment of sentence affirmed in all other respects.

Convictions affirmed. Judgment of sentence amended in part and affirmed in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/20

- 8 -