462 A.2d 830

**COMMONWEALTH of Pennsylvania**

v.

**Samuel BENEDETTO, Appellant.**

Superior Court of Pennsylvania.

Submitted April 26, 1983.

Filed July 8, 1983.

Petition for Allowance of Appeal Denied Nov. 8, 1983.

136

Paulette J. Balogh, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellee.

Before ROWLEY, POPOVICH and HOFFMAN, JJ.

ROWLEY, Judge:

Appellant was convicted, after a non-jury trial, of burglary, theft by unlawful taking or disposition, and receiving stolen property. Post-trial motions were filed and denied. Appellant was sentenced to two and one-half to five years imprisonment for burglary. Sentence was suspended on the theft and receiving stolen property charges. This direct appeal followed.

Two issues are raised on appeal: 1) Did the court err in failing to suppress (a) a ring seized from appellant and, (b) appellant's confession?; and 2) Were the sentences imposed illegal?

■ In reviewing the denial of a motion to suppress evidence, this court will only consider the evidence of the prosecution and so much of the evidence for the defense as, read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Leveille*, 289 Pa.Super. 248, 433 A.2d 50 (1981).

Using that standard, the record reveals the following. On June 17, 1981, at approximately 3:00 A.M., Officer Simms of the Clairton Police observed appellant, an ac-

quaintance of sixteen years, pulling into a parking lot in a heavily damaged car. Concerned about appellant's well-being, the officer approached him to determine if he needed assistance. During the conversation, the officer noticed a large diamond ring on appellant's finger. When the officer asked for a closer look, appellant showed it to him. Realizing that the ring resembled one taken in a recent burglary, the officer mentioned the burglary to appellant and asked if he could take the ring for identification purposes. Appellant consented, stating that he had won the ring in a crap game. Appellant requested a receipt for the ring, but left while the officer was writing it.

On June 21, 1981, following identification of the ring, appellant was arrested for receiving stolen property. On that same day, the victim went to the police station in hope of recovering some of his stolen property. Appellant was booked and given his *Miranda* rights. He refused to make a statement to the police, but requested to speak to the victim, who was also a long-time acquaintance of appellant. Officer Simms agreed and proceeded to make some phone calls. He then overheard appellant tell the victim that he had committed the burglary. The police subsequently arrested appellant on additional charges of burglary and theft by unlawful taking.

We hold that the evidence in this case was properly obtained. Therefore, the court correctly denied appellant's motion to suppress the ring and his confession.

■ Seizure of the stolen ring was justified under the plain view doctrine. Upon observing appellant's heavily damaged car, it was proper for the officer to approach appellant and inquire whether he needed assistance. His subsequent viewing of the ring was inadvertent. Therefore, both requirements of the plain view doctrine were satisfied. *Commonwealth v. Adams*, 234 Pa.Super. 475, 341 A.2d 206 (1975).

■ Furthermore, the evidence supports a finding that appellant consented to the seizure. There was no evidence

of any duress or coercion. Appellant was free to leave the scene at any time. Before he gave the ring to the officer, appellant knew it would be taken to the burglary victim for identification purposes. He did not merely acquiesce to a claim of lawful authority, but knowingly and intelligently waived his fourth amendment rights. *Commonwealth v. Davenport*, 453 Pa. 235, 308 A.2d 85 (1973).

We also hold that appellant's confession was properly admitted into evidence. Appellant claims that the police used the victim to employ subtle psychological coercion on him in order to get him to say to the victim what he refused to say to the police. This argument is without merit.

■ Appellant has failed to establish that his incriminating statement was the product of words or actions on the part of the police that they should have known were reasonably likely to elicit an incriminating response. *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). After appellant invoked his *Miranda* rights, the police did not attempt to question him. It was appellant himself who requested to speak to the victim. The evidence shows that he voluntarily chose to make a statement to the victim while in the police station and within hearing distance of a police officer.

Appellant is not entitled to a new trial. However, his argument concerning the legality of his sentence does have merit.

■ A person may not be convicted both for burglary and for the offense which it was his intent to commit after the entry, unless the additional offense constitutes a felony of the first or second degree. 18 Pa.C.S.A. § 3502(d). Therefore, the counts of theft and receiving stolen property should have merged with burglary for sentencing purposes. *Commonwealth v. Harris*, 269 Pa.Super. 41, 409 A.2d 53 (1979).

■ Because of the future prejudice to appellant, the improperly imposed sentences should be vacated even though they were suspended. *Commonwealth v. Richard-*

*son,* 232 Pa.Super. 123, 334 A.2d 700 (1975). We have the option to either remand for resentencing or amend the sentence directly. *Commonwealth v. Gonzales,* 297 Pa.Super. 66, 443 A.2d 301 (1982). Since the suspended sentences did not affect the sentence for burglary, we will not remand but will merely vacate the suspended sentences.

Judgment of Sentence for burglary affirmed. Judgments of Sentence for theft and receiving stolen property vacated.