J-S39020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GERALD WOLFE, | |
| Appellant | No. 1237 MDA 2015 |

Appeal from the Judgment of Sentence June 9, 2015
in the Court of Common Pleas of Luzerne County
Criminal Division at Nos.: CP-40-CR-0003522-2014
CP-40-CR-0003526-2014

BEFORE: STABILE, J., PLATT, J.[*], and STRASSBURGER, J.[*]

MEMORANDUM BY PLATT, J.:                                    **FILED MAY 06, 2016**

Appellant, Gerald Wolfe, appeals from the judgment of sentence imposed following his open guilty plea. Appellant's counsel seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We deny counsel's petition to withdraw, affirm in part, vacate in part, and remand for resentencing consistent with this decision.[1]

We take the following facts from the trial court's opinion and our independent review of the certified record. On April 7, 2015, Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In response to counsel's petition to withdraw, Appellant filed an application for relief. Based on our disposition, we deny the application as moot.

entered an open guilty plea to the charge of burglary at docket number 3522-2014, and to burglary and receiving stolen property at docket number 3526-2014. The charges related to Appellant's theft of jewelry from the victims' homes.

On June 9, 2015, the trial court sentenced Appellant at docket number 3522-2014 to not less than three nor more than six years of incarceration. At docket number 3526-2014, the court sentenced Appellant to consecutive terms of not less than two nor more than four years' incarceration on the burglary conviction, and not less than two nor more than four years of incarceration on the receiving stolen property conviction. On June 11, 2015, Appellant filed a motion to modify his sentence, which the court denied on June 15, 2015. Appellant timely appealed.[2] On January 28, 2016, counsel filed his petition to withdraw and **Anders** brief on the basis that the appeal

_____

[2] On July 21, 2015, the court ordered Appellant to file a statement of errors complained of on appeal within twenty-one days. **See** Pa.R.A.P. 1925(b). On September 8, 2015, Appellant's counsel filed a Rule 1925(c) statement advising the court of his intent to file an **Anders** brief, and in which he alleges that, on August 11, 2015, the court granted him an extension of time within which to file the statement. (**See** Rule 1925(c) Statement, 9/08/15); **see also** Pa.R.A.P. 1925(c)(4). Our review of the certified record and the docket in this matter does not reveal that such an order was filed. However, the court filed an opinion on December 11, 2015 in which it addressed the discretionary aspects of Appellant's sentence, and did not recommend waiver. (**See** Trial Court Opinion, 12/11/15, at unnumbered pages 2-3); **see also** Pa.R.A.P. 1925(a). Therefore, we will not find Appellant's appeal waived for his counsel's failure to file the statement in a timely manner. **See Commonwealth v. Veon**, 109 A.3d 754, 762 (Pa. Super. 2015).

is frivolous. On February 16, 2016, Appellant responded to counsel's petition to withdraw.

The standard of review for an *Anders* brief is well-settled.

Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

(1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

[T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw.

*Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009) (citations and some quotation marks omitted). Further, our Supreme Court ruled in *Santiago*, *supra*, that *Anders* briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" *Santiago*, *supra* at 360.

Instantly, counsel's *Anders* brief and application to withdraw substantially comply with the applicable technical requirements and reveal that he has made "a conscientious examination of the record [and] determined that the appeal would be frivolous[.]" *Lilley*, *supra* at 997 (citation omitted). Additionally, the record establishes that counsel served

- 3 -

Appellant with a copy of the **Anders** brief and application to withdraw, and a letter of notice, which advised Appellant of his right to retain new counsel or to proceed *pro se* and raise additional issues to this Court. **See id.**; (**see also** Petition to for Leave to Withdraw as Counsel, 1/28/16, Exhibit A, at 1). Further, the application and brief cite "to anything that arguably might support the appeal[.]" **Lilley**, **supra** at 997 (citation omitted); (**see also** **Anders** Brief, at 2-4). As noted by our Supreme Court in **Santiago**, the fact that some of counsel's statements arguably support the frivolity of the appeal does not violate the requirements of **Anders**. **See Santiago**, **supra** at 360-61. Accordingly, we conclude that counsel complied with **Anders**' technical requirements. **See Lilley**, **supra** at 997.

Having concluded that counsel's petition and brief substantially comply with the technical **Anders** requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Lilley**, **supra** at 998 (citation omitted). We conclude that it is not.

The **Anders** brief raises one question for our review: "Whether the imposition of consecutive sentences of [three] to [six] years; [two] to [four] years; [two] to [four] years (aggregate [seven] to [fourteen] years [of imprisonment]) on two charges of burglary and one charge of receiving stolen property is harsh and excessive[?]" (**Anders** Brief, at 1) (unnecessary capitalization omitted). However, in his *pro se* reply to the

- 4 -

***Anders*** brief, Appellant argues that he intended to challenge the legality of his sentence[3] because the convictions of burglary and receiving stolen property at docket number 3526-2014 should have merged for sentencing purposes. (***See*** Appellant's Application for Relief, 2/16/16, at 1-2 ¶¶ 3-5). We agree with Appellant.[4]

It is well-settled that "questions of merger relate to the legality of sentence." ***Commonwealth v. Rodriguez***, 673 A.2d 962, 967 (Pa. Super. 1996), *appeal denied*, 692 A.2d 565 (Pa. 1997) (citation omitted). "Issues relating to the legality of sentence are questions of law, and thus, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Clarke***, 70 A.3d 1281, 1284 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted). Finally, "in construing statutes, [we must] . . . ascertain and effectuate the intent of the [legislature], a task that is best accomplished by considering the plain language of the [statutes] at issue." ***Id.***; ***see also*** 1 Pa.C.S.A. § 1903.

---

[3] Although Appellant did not challenge the legality of his sentence in the trial court, the issue cannot be waived. ***Commonwealth v. Dickson***, 918 A.2d 95, 99 (Pa. 2007) ("[I]f the sentence clearly implicates the legality of sentence, whether it was properly preserved below is of no moment, as a challenge to the legality of sentence cannot be waived.") (citation omitted).

[4] We note that "the Commonwealth concedes that the receiving stolen property conviction should have merged into the burglary conviction at information [number] . . . 3526-2015." (Commonwealth's Letter, 2/29/16, at 1) (unnecessary capitalization omitted).

Section 3502 of the Crimes Code provides, in pertinent part, that: "A person may not be sentenced both for burglary and for the offense which it was his intent to commit after the burglarious entry . . . unless the additional offense constitutes a felony of the first or second degree." 18 Pa.C.S.A. § 3502(d); *see also Commonwealth v. Benedetto*, 462 A.2d 830, 832 (Pa. Super. 1983) (holding that "receiving stolen property should have merged with burglary for sentencing purposes.") (citation omitted).

Here, at docket number 3526-2014, the court sentenced Appellant on both burglary, as a felony of the second degree, and receiving stolen property, as a felony of the **third** degree. (*See* N.T. Sentencing, 6/09/15, at 13; *see also* N.T. Guilty Plea, 4/07/15, at 3). Therefore, based on the plain language of the Crimes Code, *see Clarke*, *supra* at 1284, we are constrained to conclude that the trial court committed an error of law where the two charges should have merged for sentencing purposes. *See* 18 Pa.C.S.A. § 3502(d); *Benedetto*, *supra* at 832.

Accordingly, we disagree with Appellant's counsel that there is no non-frivolous issue in Appellant's case. We vacate Appellant's sentence for burglary and receiving stolen property at case number 3526-2014 only, and we remand for resentencing.[5]

_____

[5] Because of our disposition, and Appellant's representation that it was never his intent to challenge the discretionary nature of his sentence or the sentence imposed at docket number 3522-2014, (*see* Appellant's
*(Footnote Continued Next Page)*

Judgment of sentence vacated in part, affirmed in part, and remanded for resentencing. Counsel's petition to withdraw denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/2016

_(Footnote Continued)_ ———————————

Application for Relief, at 1 ¶¶ 3-5), we will not address the discretionary aspects of sentence issue raised in the **_Anders_** brief.