J-S87029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL PARKER | |
| Appellant | No. 589 MDA 2016 |

Appeal from the Judgment of Sentence Dated March 10, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002383-2013

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED JANUARY 27, 2017**

Appellant, Michael Parker, appeals from the judgment of sentence of 5-10 years' incarceration, which was imposed following a bench trial and convictions for burglary; criminal attempt to possess a controlled substance with intent to deliver ("PWID"); resisting arrest; flight to avoid apprehension; and reckless driving.[1]  With this appeal, Appellant's counsel has filed a petition to withdraw and an **_Anders_**[2] brief.  In response, Appellant filed a _pro se_ application for appointment of new counsel.  After

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3502(a)(1), 901(a), 5104, and 5126(a) and 75 Pa.C.S. § 3736(a), respectively.  As noted below, Appellant's current sentence was imposed after this Court remanded to the trial court for resentencing.

[2] **_Anders v. California_**, 386 U.S. 738 (1967).

careful review, we affirm the judgment of sentence, grant counsel's petition to withdraw, and deny Appellant's application for appointment of substitute counsel.

The relevant procedural history was recounted in our decision in an earlier appeal in this case:

> [T]he trial court sentenced [Appellant] on January 23, 2015. At docket number 2383–2013, [Appellant] was sentenced to an aggregate term of five to ten years' imprisonment for his convictions of burglary, criminal attempt—PWID, resisting arrest, flight to avoid apprehension, and reckless driving, which included a sentence of six to twelve months' imprisonment on the flight to avoid apprehension count and a concurrent five to ten years' imprisonment on the burglary count. . . .
>
> [Appellant] filed a post-sentence motion on February 2, 2015, which the trial court denied on February 10, 2015. On February 17, 2015, [Appellant] . . . filed a notice of appeal . . .
>
> [Appellant] filed a petition to proceed *pro se* on direct appeal . . ., which the trial court granted on March 2, 2015. . . . .
>
> On April 17, 2015, the trial court appointed [Appellant] new counsel . . . .

***Commonwealth v. Parker***, No. 309 MDA 2015, at 8-9 (Pa. Super., Dec. 14, 2015) (unpublished memorandum).

In his direct appeal to this Court, Appellant challenged "the legality of his conviction of flight to avoid apprehension, 18 Pa.C.S. § 5126(a)."

*Parker*, No. 309 MDA 2015, at 1-2.[3]  On December 14, 2015, this Court, while rejecting Appellant's substantive arguments, remanded to the trial court because it "detected a legal error in his sentence" that required correction.  *Id.* at 13.  The Court explained:  "[A]lthough we do not disturb the underlying conviction, we vacate the sentence imposed at docket number 2383-2013 for flight to avoid apprehension because it merges with burglary for sentencing purposes." *Id.* at 14.

On remand, the trial court re-sentenced Appellant on March 10, 2016.  On April 7, 2016, Appellant timely filed the instant appeal.  On May 5, 2016, appellate counsel filed a Pa.R.A.P. 1925(c)(4) statement of his intent to file an *Anders* brief, and thereafter he filed a petition to withdraw and an *Anders* brief with this Court.  On August 22, 2016, Appellant filed a one-page, handwritten *pro se* response to the *Anders* brief in which he challenges the conclusions of his appointed counsel and requests the appointment of new counsel.  On August 26, 2016, the trial court entered a Statement in Lieu of Memorandum Opinion, stating that "it is our practice to refrain from filing a 1925(a) Opinion where appellate counsel has filed a Statement of Intent to file an *Anders* brief."  On October 24, 2016,

_____

[3] Appellant also claimed that his conviction on a related charge of attempted robbery, which had been tried under a separate docket number, was against the weight of the evidence.  *Parker*, at 9.

Appellant filed with this Court a *pro se* application requesting a remand for appointment of new appellate counsel.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). An **Anders** brief shall comply with the requirements set forth by the Supreme Court of Pennsylvania in **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009):

> [W]e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** Counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client:

> Counsel must also provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of

the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quoting ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa. Super. 2004)). Finally, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).

In this appeal, appellate counsel's July 20, 2016 correspondence to Appellant provided a copy of the ***Anders*** Brief to Appellant and advised Appellant of his right either to retain new counsel or to proceed *pro se* on appeal. Although that letter did not tell Appellant that he or his newly retained counsel may raise any points he deems worthy of the court's attention, ***see Orellana***, 86 A.3d at 880, it attached counsel's petition to withdraw as counsel, and the petition did contain that information. Pet. to Withdraw as Counsel, dated July 20, 2016, at ¶ 9. Appellate counsel has thus met his obligations to his client under ***Orellana***, 86 A.3d at 880.

Further, the ***Anders*** Brief complies with prevailing law, ***see Commonwealth v. Santiago***, 978 A.2d at 361, by containing a procedural summary of the case, with a reference to the record. ***See Anders*** Brief at 7. It also provides a factual summary, albeit a bare-bones one, with references to the record. ***See id.*** at 11. The brief advances relevant

- 5 -

portions of the record that arguably support Appellant's claims on appeal, *see Commonwealth v. Santiago*, 978 A.2d at 361, and sets forth the standard for reviewing the sufficiency of the evidence, with references to the record. *See Anders* Brief at 9-11. Finally, the brief provides reasons why Appellant's challenge to the sufficiency of the evidence is "without arguable merit" and states that the record "is devoid of meritorious issues for appeal." *Anders* Brief at 11. Appellate counsel's *Anders* brief therefore complies with all requirements set forth in *Commonwealth v. Santiago*. As a result, we can conduct an independent review of the merits of the underlying issue to ascertain whether the appeal is indeed wholly frivolous. *See Daniels*, 999 A.2d at 593; *Goodwin*, 928 A.2d at 291.

Appellant presents a single issue for our review:

> WAS INSUFFICIENT EVIDENCE PRESENTED TO SUSTAIN THE VERDICT?

*Anders* Brief at 6. This issue is not properly before us. Appellant was required to raise this issue in his first appeal to this Court and may not raise this issue now.

An appellant is required to include in an appeal from the judgment of sentence all issues that he wishes to raise, and he waives any issues that he does not present at that time. "Because Appellant had the benefit of a direct appeal, he is barred from raising any issues other than a challenge to the sentence imposed on remand." *Commonwealth v. Williams*, _____ A.3d ___, 2016 PA Super 262, at *4 (Pa. Super., Nov. 23, 2016). In his first

appeal to this Court, the only issue raised by Appellant regarding the charges at issue here was that **Commonwealth v. Benedetto**, 462 A.2d 830, 832 (Pa. Super. 1983), prohibited his conviction of both burglary and flight to avoid apprehension because Appellant committed the burglary as part of his effort to avoid apprehension. We rejected that argument. **See Parker**, at 12-13. We remanded the case only to correct the fact that Appellant could not be sentenced for both crimes because they merged under the Crimes Code, 18 Pa. C.S. § 3502(d). **See Parker**, at 13-14. The present appeal is from Appellant's resentencing pursuant to our remand. But that remand did not give Appellant license to raise issues that he did not present on his first appeal and that he waived by failing to do so. Appellant's opportunity to raise a sufficiency issue evaporated when he did not raise that issue on his direct appeal, and he may not raise a sufficiency issue now. **Williams**, 2016 PA Super 262, at *4.

The only issue before the trial court on remand was the proper resentencing of Appellant to correct the merger error identified by this Court. **See** Pa.R.A.P. 2591; **Commonwealth v. Sepulveda**, 144 A.3d 1270, 1279-80 & n.19 (Pa. 2016). As Appellant now raises no issue regarding that resentencing, he presents no basis for appellate relief. We have reviewed the certified record consistent with **Flowers**, 113 A.3d at 1250, and have discerned no additional arguably meritorious issues.

Accordingly, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

We now turn to Appellant's request that we remand for appointment of substitute appellate counsel. There is no question that an indigent prisoner is entitled to free legal counsel to assist him on direct appeal. *See* U.S. Const. amend. VI; Pa. Const. art. 1, § 9. But our review of the case law convinces us that Appellant is not entitled to substitute counsel at this point in his case.

We note that "the right to appointed counsel does not include the right to counsel of the defendant's choice." *Commonwealth v. Albrecht*, 720 A.2d 693, 709 (Pa. 1998); *see also Commonwealth v. Philistin*, 53 A.3d 1, 16 (Pa. 2012). In addition, our Supreme Court has concluded that once a reviewing court is satisfied with counsel's assessment of the appeal as wholly frivolous, counsel has fully discharged his or her responsibility to an appellant and can do no more. *Commonwealth v. McClendon*, 434 A.2d 1185, 1188 (Pa. 1981); *see Commonwealth v. Santiago*, 978 A.2d at 359-61. Because this Court has agreed with appellate counsel's conclusion that Appellant's appeal is wholly frivolous, appellate counsel has fully discharged his duty and responsibility to Appellant, and Appellant is not entitled to appointment of substitute appellate counsel at public expense to redo the appeal. *See id.*; *Santiago v. Commonwealth, Pa. Bd. of Prob.*

*& Parole*, 506 A.2d 517, 520 (Pa. Cmwlth. 1986). Accordingly, we deny Appellant's motion.

Judgment of sentence affirmed. Petition to withdraw as counsel granted. Application for substitution of appointed counsel denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2017