J-S28001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY REESE STREAMER | : | |
| | : | |
| Appellant | : | No. 2983 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 18, 2023
In the Court of Common Pleas of Montgomery County
Criminal Division at No:  CP-46-CR-0005572-2022

BEFORE:  STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 25, 2024**

Appellant, Jeffrey Reese Streamer, appeals from his judgment of sentence of 12-24 years' imprisonment for burglary, simple assault and criminal mischief.  We remand for resentencing because the trial court erred by sentencing Appellant for burglary, simple assault and criminal mischief.  Pursuant to 18 Pa.C.S.A. § 3502(d), these offenses merge for purposes of sentencing.

The trial court summarized the evidence against Appellant as follows:

Priscilla Sims-Brown hired [Appellant] around March 2022 through a friend's referral to perform weekly outdoor gardening services at her home in Springfield Township, Montgomery County. [Appellant] was not given a key to the residence, did not have permission to enter the residence and, on an occasion when he knocked on the door to give Sims-Brown her mail, was advised by her "not to worry about [the] mail and not to do that again."

During the summer of 2022, while Sims-Brown was traveling and only sporadically returning to the property, her longtime family friend Dail St. Claire resided at the property by herself.  Sims-

Brown had introduced St. Claire to [Appellant] before leaving and had informed her that he was the gardener. St. Claire subsequently had little contact with [Appellant] over the summer, with the exception of him asking several times when Sims-Brown would be returning and on one occasion when he had entered the home to deliver mail. St. Claire told [Appellant] he did not need to get the mail and reported the event to Sims-Brown.

On September 1, 2022, [Appellant] arrived at the property with his dog at 9:49 a.m. St. Claire was sitting outside by the pool working remotely on her laptop. [Appellant]'s dog approached her and [Appellant] retrieved the dog apologetically. He performed his gardening services and left at 10:49 a.m. St. Claire eventually went inside the residence to prepare for a zoom work meeting.

Unbeknownst to St. Claire, [Appellant] returned to the property at 11:43 a.m. With St. Claire inside preparing for her soon-to-begin zoom meeting, [Appellant] entered the residence and approached her at an accelerated pace. She was not immediately concerned because she knew of [Appellant] and was focused on the upcoming zoom meeting. That quickly changed, however, when she saw the intensity of [Appellant]'s facial expression. [Appellant] grabbed St. Claire by the upper left arm and said "let's do this." She felt pain in her arm when [Appellant] grabbed her. She pushed [Appellant] away and he began to pursue her around a large table in the center of the room while holding a tool of some kind. [Appellant] pushed the contents of the table to the floor while following St. Claire, breaking vases and St. Claire's laptop and phone. He eventually shoved the table toward St. Claire, admittedly flipping it over and breaking it.

With the table no longer a barrier between them, St. Claire ran from the home with [Appellant] in pursuit. She outran [Appellant] in the direction of a nearby park, during which time she suffered an injury to her foot because she had fled while not wearing shoes. She eventually encountered bystanders who assisted her in calling 911. Responding police found St. Claire to be distraught and emotional.

Trial Court Opinion, 1/17/24, at 1-3 (record citations omitted).

The Commonwealth filed an information and subsequently an amended information charging Appellant with one count each of burglary, aggravated assault, simple assault and criminal mischief. The amended information alleged, with regard to burglary:

> With the intent to commit a crime therein, [Appellant] did enter a building or occupied structure, or sep[a]rately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present and the *person commits, attempts or threatens to commit a bodily injury crime therein*.

Amended Information, 3/8/23 (emphasis added). With regard to simple assault, the amended information alleged that Appellant "did attempt to cause or intentionally, knowingly or recklessly caused bodily injury to another, to wit: DAIL ST. CLAIRE." *Id.* In addition, the amended information graded the charge of criminal mischief as a third degree felony by accusing Appellant of causing over $5,000.00 in real or personal property damage.[1]

Following a non-jury trial, the court found Appellant guilty of all charges except aggravated assault. Prior to sentencing, the Commonwealth moved for imposition of a "second strike" mandatory minimum ten-year sentence under 42 Pa.C.S.A. § 9714(a) based on Appellant's prior arson conviction. The court sentenced Appellant to 10-20 years' imprisonment for burglary, the

---

[1] *See* 18 Pa.C.S.A. § 3304(b) ("Criminal mischief is a felony of the third degree if the actor intentionally causes pecuniary loss in excess of $5,000").

- 3 -

mandatory second strike sentence under Section 9714,[2] and to consecutive terms of 1-2 years' imprisonment for simple assault and criminal mischief. Appellant filed timely post-sentence motions, which the court denied, and a timely notice of appeal. Both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant raises four issues in this appeal:

1. Whether the Trial Court erred in finding the Appellant guilty of Count 1 (Burglary) and Count 3 (Simple Assault) where the evidence presented at the bench trial was insufficient to warrant a conviction.

2. Whether the Trial Court erred in finding the Appellant guilty of Count 1 (Burglary) and Count 3 (Simple Assault) where verdict was against the weight of the evidence presented at trial.

3. Whether the Sentencing Court erred in imposing an illegal 1 to 2 year consecutive sentence for Simple Assault (M-2) where the charge should have merged with the sentence for Burglary (F-1).

4. Whether the Sentencing Court abused its discretion in denying the Appellant's Motion to Reconsider Sentence and sentencing the Defendant to 1 to 2 years on Count 3 (Simple Assault) consecutive to Count 1 (Burglary) and 1 to 2 years on Count 5 (Criminal Mischief) consecutive to Count 3 for a total of 12 to 24 years was unduly harsh, excessive and unreasonable.

Appellant's Brief at 6-7.

In his first argument, Appellant contends that the evidence was insufficient to sustain his convictions for burglary and simple assault. He does

---

[2] Appellant does not challenge the imposition of a second strike sentence in this appeal.

not challenge the sufficiency of the evidence underlying his conviction for criminal mischief.

We apply the following standards to challenges to the sufficiency of the evidence:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Williams*, 302 A.3d 117, 120 (Pa. Super. 2023).

> An individual commits burglary if,
>
> with the intent to commit a crime therein, the person … enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present and the person commits, attempts or threatens to commit a bodily injury crime therein.

18 Pa.C.S.A. § 3502(a). An individual is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1). "Bodily injury" is the "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

The trial court explained that the evidence was sufficient to sustain Appellant's convictions for burglary and simple assault:

> [T]he Commonwealth presented evidence demonstrating that [Appellant] did not have permission to enter the residence. The evidence further proved [Appellant] knew the victim was alone in the home when he entered without permission. [Appellant] admitted in his own trial testimony that he returned to the home to have a sexual encounter with the victim. This court did not credit his self-serving claim that he did so under the belief St. Claire had been flirtatious earlier in the day; indeed, his testimony was flatly contradicted by credible evidence to the contrary that he entered the residence with the intent to assault St. Claire. Notably, the evidence demonstrated that [Appellant] pursued St. Claire around a large table while holding a tool of some kind after she had pushed him away from her. [Appellant] admitted to breaking that table during the incident and this court, again, did not credit his self-serving excuse for why he did so. Further, during her efforts to escape from [Appellant], St. Claire suffered an injury to her foot as the result of having to flee while not wearing shoes. The evidence, therefore, proved beyond a reasonable doubt that [Appellant] entered the occupied residence without permission and with the intent to commit a crime therein. The evidence further proved beyond a reasonable doubt that [Appellant]'s actions caused St. Claire to sustain an injury to her foot. He, therefore, is not entitled to relief on his challenge to the sufficiency of the evidence.

Trial Court Opinion, 1/17/24, at 7-8. We agree with this cogent analysis and hold that Appellant's challenge to the sufficiency of the evidence lacks merit.

Next, Appellant contends that the verdict was against the weight of the evidence. "A weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." ***Commonwealth v. Rivera***, 238 A.3d 482, 497 (Pa. Super. 2020). The failure to raise a challenge to the weight of the evidence through these procedures results in waiver of the claim on appeal. ***Commonwealth***

*v. Barkman*, 295 A.3d 721, 736 (Pa. Super. 2023). Here, Appellant did not challenge the weight of the evidence before or at the time of sentencing. His post-sentence motion only sought reconsideration of his sentence but did not raise a weight claim. Thus, Appellant waived his challenge to the weight of the evidence.

Next, Appellant argues that his convictions for burglary and simple assault should have merged for purposes of sentencing, and the trial court erred by sentencing him for each offense. We agree. Indeed, we conclude that Appellant's convictions for burglary, simple assault **and** criminal mischief merge for purposes of sentencing.

Appellant did not raise any merger argument at sentencing, in his post-sentence motions or in his Pa.R.A.P. 1925 statement of matters complained of on appeal. Nevertheless, "a claim that crimes should have merged for purposes of sentencing challenges the legality of a sentence and, thus, cannot be waived." *Commonwealth v. Parham*, 969 A.2d 629, 631 (Pa. Super. 2009). Moreover, an appellate court may address, and even raise *sua sponte*, challenges to the legality of a sentence even if the issue was not preserved in the trial court. *Commonwealth v. Armolt*, 294 A.3d 364, 376 (Pa. 2023). Our standard of review for challenges to the legality of sentence is *de novo* and our scope of review is plenary. *Commonwealth v. Quinta*, 56 A.3d 399, 400 (Pa. Super. 2012).

The burglary statute, 18 Pa.C.S.A. § 3502, provides in relevant part that "[a] person may not be sentenced both for burglary and for the offense which it was his intent to commit after the burglarious entry[,] or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree." 18 Pa.C.S.A. § 3502(d). Simple assault is a misdemeanor, not a felony, 18 Pa.C.S.A. § 2701(b),[3] and criminal mischief is at most a third degree felony. 18 Pa.C.S.A. § 3304(b). Thus, simple assault and criminal mischief merge with burglary for purposes of sentencing when the defendant intended to commit simple assault and criminal mischief after his burglarious entry.

Further support for this conclusion comes from several decisions from this Court that construed a prior version of Section 3502(d). In **Commonwealth v. Benchoff**, 700 A.2d 1289 (Pa. Super. 1997), the defendant (like Appellant herein) was convicted of burglary and simple assault and intended to commit simple assault after his burglarious entry. At the time we decided **Benchoff**, Section 3502(d) provided that a person cannot be "convicted" both for burglary and the offense he intended to commit after the burglarious entry. **Id.** at 1294. **Benchoff** interpreted "convicted" to mean

---

[3] Simple assault is a second degree misdemeanor unless committed (1) in a fight or scuffle, in which case it is a third degree misdemeanor, or (2) against a child under twelve years of age by a person eighteen years of age or older, in which case it is a first degree misdemeanor. 18 Pa.C.S.A. § 2701(b).

that "[a]lthough it is permissible for the defendant to be adjudicated guilty of both crimes, it is not permissible for the trial court to sentence defendant for both burglary and simple assault, where the simple assault is the offense which he intended to commit once inside the premises." *Id.*

In *Commonwealth v. Benedetto*, 462 A.2d 830 (Pa. Super. 1983), the defendant was convicted of burglary, theft by unlawful taking or disposition, and receiving stolen property. On direct appeal, we held that under the prior version of Section 3502(d), the counts of theft and receiving stolen property merged with burglary for sentencing purposes. *Id.* at 832.

In 2012, the legislature amended Section 3502(d) to replace "convicted" with "sentenced," the text in effect today. The 2012 amendment enforces the same precept that this Court articulated in *Benchoff* and *Benedetto*—that the defendant may be found guilty of burglary and other offenses but may not be sentenced for the other offenses when (1) the defendant intended to commit the other offenses after his burglarious entry and (2) the other offenses are not first or second degree felonies.

In this case, the Commonwealth alleged, and the trial court concluded, that Appellant committed burglary with the intent of committing simple assault against St. Claire inside the residence. The burglary count in the amended information accused Appellant of committing burglary in the house where St. Claire was residing with the intent of "commit[ting], attempt[ing] or threaten[ing] to commit a bodily injury crime therein"—language equivalent

- 9 -

to the elements of simple assault. *See* 18 Pa.C.S.A. § 2701(a)(1) (defining simple assault as "attempt[ing] to cause or intentionally, knowingly or recklessly caus[ing] bodily injury to another"). Furthermore, the trial court determined that Appellant "entered the residence with the intent to assault St. Claire." Trial Ct. Op. at 7. Since the court found Appellant guilty of simple assault but acquitted him of aggravated assault, it is clear the court concluded Appellant entered the residence in order to commit *simple* assault.

Further, the trial court found Appellant guilty of criminal mischief by determining that Appellant destroyed vases, a laptop, a phone and a table after entering the residence and during his attack on St. Claire. *Id.* at 3. Thus, the evidence shows that Appellant committed burglary with the intent of also committing criminal mischief following his burglarious entry.

The court imposed an illegal sentence under Section 3502(d) by sentencing Appellant separately and consecutively for burglary, simple assault and criminal mischief because Appellant intended to commit the latter two offenses after his burglarious entry. Appellant's simple assault and criminal mischief convictions merge with burglary for purposes of sentencing.

The dissent contends that Appellant's simple assault conviction does not merge with his burglary conviction because "Appellant attempted to cause the victim bodily injury several times. While one simple assault may merge for sentencing purposes, an appellant is not entitled to a volume discount for crimes simply because he managed to accomplish all the acts within a

relatively short period of time." Dissent at 6 (citing ***Commonwealth v. Petterson***, 49 A.3d 903, 912 (Pa. Super. 2012)). We respectfully disagree. In ***Petterson***, the defendant was convicted of three counts of aggravated assault because he attacked the victim three times with different weapons and caused distinct injuries to different parts of the victim's body. We held that the assault convictions did not merge for sentencing under 42 Pa.C.S.A. § 9765. ***Id.*** at 912 (although the time between the separate acts was "relatively short," they constituted three separate criminal acts and thus did not merge). In the present case, a different merger statute applies (18 Pa.C.S.A. § 3502(d)), and ***Benedetto*** makes clear that more than one crime can merge for sentencing with burglary under Section 3502(d). We know of no decision that applies "volume discount" analysis to Section 3502(d); nor does the dissent cite any. Even assuming that volume discount analysis applies to Section 3502(d), it would not preclude merger under the present circumstances. Here, unlike in ***Petterson***, the Commonwealth only charged Appellant with one (1) count of simple assault. The evidence demonstrates that his assault was a single criminal event, because all of his acts took place in mere seconds and in uninterrupted sequence. Thus, there is no danger that Appellant will receive a "volume discount" by merging his simple assault conviction with his burglary conviction for purposes of sentencing.

Since the court imposed separate, consecutive sentences for burglary, simple assault and criminal mischief, our determination that Appellant's sentences for simple assault and criminal mischief are illegal upsets this sentencing scheme. The proper remedy under these circumstances is to vacate Appellant's judgment of sentence on all counts and remand for resentencing. *Commonwealth v. Goldhammer*, 517 A.2d 1280-1283-84 (Pa. 1986); *Commonwealth v. Williams*, 871 A.2d 254, 266 (Pa. Super. 2005) (if trial court errs in its sentence on one count in multi-count case, all sentences for all counts will be vacated so court can restructure its entire sentencing scheme).

In view of our decision to remand for resentencing, we need not address Appellant's final argument that the court abused its discretion by imposing an unreasonable sentence.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Lane joins the memorandum.

Judge Murray files a dissenting memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/25/2024