J-S45043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT E. BENCHOFF | : | |
| | : | |
| Appellant | : | No. 619 MDA 2025 |

Appeal from the PCRA Order Entered April 2, 2025
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-MD-0000872-1994

BEFORE:   STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED: FEBRUARY 10, 2026**

Robert E. Benchoff appeals from the order dismissing his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Additionally, Benchoff's counsel, Jenni H. Chavis, Esquire, has filed a motion to withdraw as counsel and accompanying brief purportedly in accordance with **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).[1] After thorough

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] As the instant case involves an appeal from the PCRA court's dismissal order, Attorney Chavis was required to file a **Turner**/**Finley** no-merit letter to accompany her motion to withdraw. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Nevertheless, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter." **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

review, we grant Attorney Chavis's application to withdraw and affirm the dismissal order albeit on different grounds as those relied upon by the PCRA court.

As summarized by this Court in his direct appeal, which resulted in affirmance of his judgment of sentence at this docket:

> During the evening of December 25, 1994, [Benchoff] went to the home of his wife, Robin Benchoff, and two children, Brian and Brooke. At that time, a Protection from Abuse [Act] order was in effect which prohibited [Benchoff] from having any contact with his wife or children. The order was entered following an incident which occurred on October 4, 1994. At that time, [Benchoff] kidnapped the children from their schools, and he threatened to kill himself and the children. As a result of that incident, [Benchoff] was charged with two counts of interference with the custody of children.

*Commonwealth v. Benchoff*, 700 A.2d 1289, 1291 (Pa. Super. 1997) (footnote omitted). Ultimately, Benchoff "pleaded guilty to the interference with custody charges." *Id.* at 1292. At sentencing, Benchoff received "two consecutive terms of imprisonment of one to six years for each of the interference with custody charges." *Id.*[2] Coupled with his other aggregate sentence, Benchoff was ultimately ordered to serve a total term of

---

[2] At a separate docket, 150-1995, also encompassed in his direct appeal, Benchoff was, following remand from this Court, resentenced on March 10, 1998, to four to twenty years of incarceration, consecutive to the interference with custody sentences, to be followed by seven years of probation, stemming from a jury finding him guilty of criminal trespass, simple assault, and burglary. *See Commonwealth v. Benchoff*, 535 HBG 1998 (Pa. Super., filed Feb. 25, 1999) (unpublished memorandum).

incarceration of six to thirty-two years. *See Commonwealth v. Benchoff*, 2050 MDA 2010 at *4 (Pa. Super., filed Aug. 24, 2011) (unpublished memorandum addressing PCRA petition filed at docket 150-1995).

Although, following remand of his other judgment of sentence, we "affirmed [that separate judgment] in an unpublished memorandum dated April 16, 2001[, and h]is petition for allowance of appeal to the Pennsylvania Supreme Court[ as to that judgment] was denied on October 24, 2001," *id.*, the record is less clear as to the procedural history of the judgment of sentence in the present matter. Nevertheless, this Court, on October 29, 1997, denied Benchoff's August 30, 1997 application requesting reargument/reconsideration. Thereafter, on December 15, 1997, this Court issued a "Judgment," with the current docket number highlighted, indicating that judgment was affirmed and jurisdiction was relinquished. However, this Court issued *another* judgment on March 18, 1999, with the same docket number highlighted. In any event, Benchoff was sentenced on December 13, 1995, to two unimpacted consecutive terms of one-to-six years of incarceration, *see* Sentencing Orders, 12/13/95, which, he began to serve immediately. *Cf. Benchoff*, 700 A.2d at 1292 (indicating that the sentencing court made the sentence at the 1995 docket "consecutive to the interference with custody sentences[]").

Following exhaustion of his direct appeal rights, Benchoff "filed seven PCRA[ petitions] prior to the instant [p]etition[.]" Trial Court Opinion,

9/12/22, at 1.

On appeal, Benchoff presents what are essentially three issues for review:

(1) was there an enforceable plea agreement between him and the Commonwealth?

(2) did his trial counsel provide him with ineffective assistance of counsel as it pertained to this purported plea agreement?

(3) is he currently serving an illegal sentence?

*See generally*, *e.g.*, *Anders* Brief; PCRA Petition, 8/10/21; *Pro Se* Reply to *Anders* Brief.

Preliminarily, before any merits analysis, we must consider counsel's *Anders* brief. Although, as stated above, we may accept such a brief, counsel must still adhere to all the *Turner/Finley* requirements:

Counsel petitioning to withdraw from PCRA representation . . . under [*Turner/Finley*] . . . must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

\* \* \*

[W]here counsel submits a petition and no-merit letter that . . . satisfy the technical demands of *Turner/Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims

- 4 -

are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012).

The record reflects that counsel filed a petition to withdraw with this Court on October 10, 2025. In compliance with ***Turner/Finley***, counsel served that petition on Benchoff along with a copy of the pending ***Anders*** brief and notified him of his right to proceed *pro se* or with new counsel. Benchoff filed a response on December 5, 2025, asserting, *inter alia*, that further review of his case is warranted. We therefore proceed to analyzing the nature of Benchoff's claims and whether they are capable of review.

As this case involves the denial of PCRA relief, we must determine whether the record supports the PCRA court's findings of fact, and whether its legal conclusions are free of error. ***See Commonwealth v. Feliciano***, 69 A.3d 1270, 1274-75 (Pa. Super. 2013). We review the PCRA court's legal conclusions *de novo*. ***See Commonwealth v. Medina***, 92 A.3d 1210, 1215 (Pa. Super. 2014) (*en banc*), ***appeal dismissed***, 140 A.3d 675 (Pa. 2016).

Paralleling the PCRA court's finding, counsel contends that Benchoff's petition, filed December 10, 2021, is untimely without exception.[3]

---

[3] As counsel notes, at least two attorneys were appointed to review this petition and represent Benchoff's interests. ***See Anders*** Brief at 12. Nevertheless, the petition was finally dismissed on April 2, 2025. Benchoff timely appealed the dismissal order *pro se*, and current counsel was thereafter appointed.

Although Benchoff's filing is styled as a writ of *habeas corpus*, the court exclusively treated it as a PCRA petition. The PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus*[.]" 42 Pa.C.S. § 9542. As established in ***Commonwealth v. Taylor***,

> [u]nless the PCRA could not provide for a potential remedy, the PCRA statute subsumed the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

65 A.3d 462, 465-66 (Pa. Super. 2013) (citations, parenthetical, and footnote omitted). However, we caution that, to the extent Benchoff is seeking enforcement of an alleged plea agreement between himself and the Commonwealth, "a collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance." ***Commonwealth v. Kerns***, 220 A.3d 607, 612 (Pa. Super. 2019). Therefore, Benchoff's petition was hybrid in nature, including claims both within and outside of the PCRA's ambit.

In Benchoff's petition, he asserts that, prior to his acceptance of the plea agreement, an assistant district attorney "spoke directly" to him and allegedly conveyed that the Commonwealth would offer two months of incarceration in return for a guilty plea to the interference of custody charges. PCRA Petition, ¶ 11. In Benchoff's recollection of events, he was assured by this assistant

district attorney that two months would be imposed by the sentencing court. *See id.* Benchoff then told his counsel about this deal, to which counsel assured him "that the court would honor the agreement." *Id.* ¶ 12. Benchoff alleges he acquiesced to the open plea on the interference of custody charges primarily because he "was assured by counsel . . . that the offered sentence would be accepted by the court[.]" *Id.* ¶ 23. Benchoff further posits that his "reliance on his trial counsel in completing the plea colloquy was reasonable." *Id.* at 16. Therefore, there are actually two claims asserted in this petition: one regarding plea agreement enforcement and the second involving ineffective assistance of counsel in facilitating the plea.

Taking the latter contention first, while ineffective assistance of counsel is an enumerated basis to raise a claim under the PCRA, *see* 42 Pa.C.S. § 9543(a)(2)(ii), Benchoff is not "currently serving a sentence of imprisonment, probation or parole for *the crime*[.]" 42 Pa.C.S. § 9543(a)(1)(i) (emphasis added); *see also Commonwealth v. Ahlborn*, 699 A.2d 718, 721 (Pa. 1997) (holding that an appellant is ineligible for relief where not currently serving the challenged sentence). We note that the current appeal only involves the two sentences imposed following his guilty plea to two counts of interference with child custody. Indeed, in his petition, he wrote that he was "sentenced on December 13, 1995[,] to a total term of 144 months, commencing on December 16, 1994[.]" PCRA Petition, 8/10/21, 2. Thus, by his own admission, he has not been serving any sentence in conjunction with

these two offenses *for almost two decades*. As such, he cannot avail himself of the PCRA at his ineffective assistance of counsel claim.

Similarly, although, in his reply to counsel's **Anders** brief, Benchoff raises an additional issue by contesting the legality of his sentences given that they contain "no-contact" provisions, **see** *Pro Se* Reply to **Anders** Brief at 2, his contention is fatally flawed. Although illegal sentences, and challenges thereto, are cognizable under the PCRA, **see** 42 Pa.C.S. § 9542 (providing that the PCRA "provides for an action by which . . . persons serving illegal sentences may obtain collateral relief[]"), he, again, is not currently serving a sentence of imprisonment, probation, or parole at the complained-of sentences, notwithstanding the collateral consequences in the sentencing orders. Therefore, he cannot raise any illegal sentence claim pursuant to the PCRA with respect to either of the interference with custody offenses.

At the remaining component of this appeal, the purported pre-hearing plea agreement he "reached" with the Commonwealth, as stated, above, such a claim, which inherently seeks specific performance in contract, falls outside of the auspice of the PCRA. Therefore, it is not wholly barred like his other averments. Nevertheless, we emphasize that "no plea agreement exists unless and until it is presented to the court." **Commonwealth v. McElroy**, 665 A.2d 813, 342 (Pa. Super. 1995). Stated differently, a plea agreement that has not been "entered of record nor accepted by the trial court . . . [is] therefore[] not enforceable." **Id.** at 343. At most, such an "agreement" is

executory, but in any event, a defendant is not entitled to specific performance where such a plea is not entered of record nor accepted by the trial court. ***See id.***

While Benchoff claims there were "promises made by the Commonwealth[,] which were not honored[,]" PCRA Petition, 8/10/21, 4, he has not demonstrated that his case fares any differently from the precepts espoused in ***McElroy***. Even assuming *arguendo* that the assistant district attorney did have *some* conversation with him about entering into some potential agreement, none of it was consummated before the court, rendering it as if it does not exist—indeed, there is no evidence of any such agreement in the certified record. Therefore, he is due no relief as to the specific performance portion of his argument.

In finding Benchoff's claims either incapable of review under the PCRA or unmeritorious, we affirm the court's order dismissing his petition and grant counsel's motion to withdraw.

Order affirmed. Motion to withdraw granted.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/10/2026